**Michael STRATTON and Joseph Van De Mark, Plaintiffs,**

v.

**CITY OF BOSTON, Defendant.**

**Civ. A. No. 89–1929–K.**

United States District Court, D. Massachusetts.

Dec. 28, 1989.

Michael Stratton, Joseph Van de Mark, Allston, Mass., for plaintiffs.

Susan M. Weise, Asst. Corp. Counsel, City of Boston Law Dept., Boston, Mass., for defendant.

MEMORANDUM AND ORDER

KEETON, District Judge.

The caption of this case as it appeared in the complaint identified the defendants as follows: "Boston City Police Department, Francis Roache, Commissioner, and Certain Unknown Officers."

Before the court is an unopposed Motion to Dismiss on behalf of the Boston City Police Department and Francis Roache, Commissioner, the only defendants upon whom service was made. Docket No. 3, dated September 8, 1989, and filed September 11, 1989. This Memorandum addresses that motion and related issues bearing upon the status of this case once this motion is decided.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss may be granted if the plaintiffs fail to state a claim upon which relief may be granted. The defendants contend that the claims against the Boston City Police Department should be dismissed because the Boston City Police Department is not a legal entity. The defendants' motion also asks the court to dismiss the claims against Commissioner Roache because the allegations in the complaint are conclusions and are not supported by material facts.

I. *Facts and Claims Alleged*

Plaintiffs' complaint makes the following allegations: On July 15, 1989 the plaintiffs were walking along the street returning to their homes when they were stopped by police officers. After briefly questioning the plaintiffs, the police officers pushed the plaintiffs against a wall, handcuffed them and took them to the local police station. The police officers told the plaintiffs that they were under protective custody. The plaintiffs requested breathalyzer tests. However, the officers allegedly refused to give the tests and explained to the plaintiffs that if they availed themselves of their right to take breathalyzer tests, they would spend a longer period of time in protective custody.

The plaintiffs state that they were placed in one small cell that had little ventilation, a broken toilet and no running water. The

cell was infested with cockroaches. They were held there for approximately five hours.

On July 26, 1989 the plaintiffs filed a pro se complaint in the Massachusetts state court. The action was subsequently removed to federal court. The complaint alleges violations of the plaintiffs' civil rights under the Fourth and Fourteenth Amendments of the United States Constitution and under the Massachusetts Declaration of Rights. The complaint also alleges state-law claims for violations of Mass. Gen.L. ch. 111B, §§ 8 and 13 and for assault and battery, false imprisonment and intentional infliction of emotional distress. The pro se complaint presents the facts in a separate facts section and then states the claims in eight separate counts. Each claim is alleged against all of the defendants.

## II. *Claims Against Certain Unknown Officers*

■ Rule 10(a) of the Federal Rules of Civil Procedure states that the title of the action in the complaint must include the names of all the parties. Although the Federal Rules do not explicitly prohibit the use of fictitious names for defendants, an action may be dismissed if the defendant is not sufficiently identified to permit service of process. 2A J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice* ¶ 10.02 (2d ed. 1989). Moreover, "the use of a fictitious name for a defendant will not be permitted if ignorance of the defendant's identity is the result of ... lack of reasonable inquiry." *Id.* at ¶ 10.02. *See also Saffron v. Wilson*, 70 F.R.D. 51, 56 (D.D.C. 1975) (plaintiff permitted to name "John Doe" defendants until he had opportunity to determine identity of defendants). In this case, the facts presented in all submissions now before the court make it appear that the plaintiffs could have inquired and obtained the names of the police officers on duty on the night of July 15, 1989. Accordingly, this case will not be allowed to proceed against defendants designated as "Certain Unknown Officers." However, in accordance with the Order below, plaintiffs will be allowed leave to file an amended complaint within sixty days.

## III. *Claims Against City Agencies and Officials in Their Official Capacity*

### A. Claims Against Commissioner Roache

The plaintiffs brought claims against Francis Roache, Commissioner of the Boston Police Department. The defendants seek to dismiss these claims on the grounds that Commissioner Roache has official immunity and that the complaint fails to state specific facts in support of the allegations.

■ An allegation stating that a claim is made against a defendant identified both by name and by official title (in this case, against "Francis Roache, Commissioner") is ambiguous. It does not specify whether a claim is being alleged against the defendant individually, or instead against the defendant in his official capacity, or both. It is important to draw a distinction because the applicable law and the collection of damages vary depending on how the official is sued. For example, the Motion to Dismiss filed in this case asserts, on behalf of defendant "Francis Roache, Commissioner," that he is immune from liability under 42 U.S.C. § 1983. This defense is available as to a claim against this defendant individually, and is not available as to a claim against this defendant in his official capacity. *Owen v. City of Independence*, 445 U.S. 622, 637, 100 S.Ct. 1398, 1408, 63 L.Ed.2d 673 (1980).

Moreover, with respect to claims for damages, as distinguished from claims for declaratory or equitable relief, the distinction is critical because a judgment against the defendant individually would be collectible out of the assets of the individual, and, in contrast, a judgment against the defendant in his official capacity would be collectible only out of the assets of the official governmental entity or agency for which he was acting officially. That is, the public entity must pay any damages that are awarded in an action brought against the official in his official capacity. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 662, 98 S.Ct. 2018, 2021, 56 L.Ed.2d 611 (1978). Thus, although the

official is the defendant named in the complaint, if the plaintiffs win, it is the public entity that will be held liable and required to pay damages.

In *Monell* the court held that an action against a public official in his or her official capacity is "only another way of pleading" an action against the public entity that the official represents. *Id.* at 690 n. 55, 98 S.Ct. at 2035 n. 55. Thus, in such an action, "a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents" if the entity received notice and had an opportunity to respond. *Brandon v. Holt*, 469 U.S. 464, 471–72, 105 S.Ct. 873, 877–78, 83 L.Ed.2d 878 (1985).

Although a suit against a public official in his or her official capacity is actually a suit against the entity that he or she represents, courts typically allow the case to proceed without formal designation of the entity by its own name. A court's allowing a case to proceed in that way is especially likely when the failure to designate the entity defendant by its own name is first observed on appeal, or very late in proceedings before a trial court. That way of proceeding is less appropriate when the failure to designate the entity defendant by its own name is noted early and requiring an explicit designation of the entity is likely to reduce risks of confusion and misunderstanding.

■ In this case, allowing the suit to proceed against "Francis Roache, Commissioner," would be confusing with regard to the satisfaction of any judgment. Should plaintiffs prevail on any of their claims against "Francis Roache, Commissioner" there would be no legal entity having the designated name that also would have assets, held under that name, that could be reached to collect a judgment. The designation "Commissioner" raises this problem in this case because the legal entity that Francis Roache represents is officially the "City of Boston." Because this misleading designation has been observed at a very early stage of proceedings, the court will not allow the case to proceed with this designation. Instead, to avoid misunder-

standings that may flow from ambiguity, the court will direct that, in the caption of this case and in any future pleadings, any claim against a governmental entity based on the actions of Commissioner Roache will be designated as a claim against the City of Boston.

■ Any claim against defendant Roache individually will be designated as a claim against him individually. Also, if plaintiffs seek in an amended pleading to allege a claim against defendant Roache individually, he shall be designated in the caption as "Francis Roache, individually."

Although, as discussed in Part V, *infra*, the claims against Commissioner Roache individually may be barred by qualified immunity, such immunity does not bar those claims made against Commissioner Roache in his official capacity. In other words, the City of Boston does not have immunity. Nevertheless, the defendants' Motion to Dismiss the claims against Commissioner Roache in his official capacity must be allowed as to federal-law claims (Counts Five, Six, Seven, and part of Count Eight) for the reasons stated in Part IV below.

For the purpose of avoiding any misunderstanding as to any claims that remain against Commissioner Roache in his official capacity, the clerk and the parties will be directed to delete "Francis Roache Commissioner" from the caption of the case on the docket of this court and to substitute therefor, "City of Boston."

### B. Boston Police Department

■ The plaintiffs also brought claims against the "Boston Police Department" (at some points designated as the "Boston City Police Department"). However, the Police Department is not an independent legal entity. It is a department of the City of Boston. For the reasons stated above and to avoid any misunderstanding, rather than merely treating claims against the Boston Police Department as claims against the City of Boston, the court will direct that the clerk and the parties delete "Boston City Police Department" from the caption of this case on the docket of this court and on all pleadings filed hereafter. To the

extent that the plaintiffs seek to amend their pleading and allege claims previously alleged against the Boston Police Department, those claims may be alleged against the City of Boston.

## IV. *Claims Against the City of Boston*
### A. In General

■ Local governments ordinarily do not have immunity. *Owen supra.* Thus, the City of Boston may be sued under 42 U.S.C. § 1983 for civil rights violations. *Monell*, 436 U.S. at 690, 98 S.Ct. at 2035. However, in order to bring a § 1983 action against a local government, the plaintiffs must establish that they were injured by acts performed pursuant to a public policy or custom that deprived them of their constitutional rights. *Id.; Mendez v. Rutherford*, 687 F.Supp. 412 (N.D.Ill.1988). "Public policy" as used in this sense means any ordinance or regulation of the public entity. 42 U.S.C. § 1983. To be relevant, a custom or usage must be a well established practice, although the practice need not be formally adopted in order to give rise to liability under § 1983. *See Monell*, 436 U.S. at 691, 98 S.Ct. at 2036.

A plaintiff may bring an action against a municipality for the acts of its employees if those acts violated the plaintiffs constitutional rights and the acts were the result of an agency policy or custom. However, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* (emphasis in original). Instead, the plaintiff must show that by acting in accordance with a policy or custom, the employee violated the plaintiff's civil rights.

### B. *Civil Rights Claims Against the City of Boston*

Counts Five, Six, Seven and Eight allege violations of the plaintiffs' civil rights. The facts set forth in the complaint provide a basis for a determination that certain police officers deprived the plaintiffs of their rights. These facts, however, merely state one incident of civil rights violations. The complaint does not link any of these claims to a policy or custom of Commissioner Roache, the Boston Police Department or any other policy-making official or agency of the City of Boston. Without such a showing, there can be no municipal liability under § 1983.

■ Pro se complaints are held to less stringent standards. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972). However, a pro se complaint must include some facts in support of the claim that would entitle the plaintiffs to relief. Where no such factual basis is provided, the claims must be dismissed.

■ Count Five alleges a violation of the Due Process Clause of the Fourteenth Amendment. The facts indicate that certain police officers deprived plaintiffs of their rights to a breathalyzer test as allowed under Mass.Gen.L. ch. 111B, § 8. Plaintiffs also claim that they were detained without probable cause because they were not apparently intoxicated when they were stopped and taken into protective custody. However, the plaintiffs did not allege any facts that would support a claim that these acts were taken in accordance with a policy or a custom of the City of Boston, the Police Department or the Commissioner.

Count Six alleges an unreasonable search and seizure. Here again, the plaintiffs failed to allege any facts to support a claim that this deprivation of rights was linked to a public policy or custom.

In Count Seven the plaintiffs claim that the poor sanitary conditions of the detention cell violated their Fourteenth Amendment rights. The plaintiffs describe the conditions of one specific detention cell. They do not state that these conditions existed on a broader scale or allege any facts to support a claim that the conditions were the result of any public policy or custom.

Finally, Count Eight alleges that the implementation of the Massachusetts protective custody statute, Mass.Gen.L. ch. 111B, § 8 is unconstitutional under the Fourth and Fourteenth Amendments. State stat-

utes are enacted by the state legislature and as such, are state law. It is not clear under precedents that a municipal policy of enforcing state statutes is the kind of policy or custom that serves as a basis for an action against the municipality under 42 U.S.C. § 1983. Moreover, the plaintiffs have failed to allege any facts in support of these claims. For this latter reason, Count Eight must be dismissed.

Counts Five, Six, Seven and Eight will be dismissed, but with leave to file an amended complaint.

As just noted, Count Eight challenges the constitutionality of Mass.Gen.L. ch. 111B, § 8. When a party brings a claim in federal court challenging the constitutionality of a state statute, the state's attorney general must receive notice. 28 U.S.C. § 2403(b). Accordingly, the court must certify to the state attorney general that the constitutionality of a state statute is questioned and the court must permit the state to intervene. *Id.* Therefore, if the plaintiffs amend and seek to reallege Count Eight, the Massachusetts Attorney General will be entitled to be heard. To expedite proceedings should plaintiffs so amend, I will direct that the clerk at the present time certify to the Massachusetts Attorney General that the plaintiffs have challenged the constitutionality of Mass.Gen.L. ch. 111B, § 8. The clerk will also send to the Attorney General a copy of this Memorandum and Order, thereby notifying the Attorney General that in dismissing Count Eight in which the plaintiffs challenged the constitutionality of Mass.Gen.L. ch. 111B, § 8, the court allowed plaintiffs leave to amend and re-allege the claim.

### C. State–Law Claims Against the City of Boston

The remaining claims, Counts One through Four, and the state-law aspect of Count Eight are state-common-law, state-statutory, and state-constitutional-law claims. Count One alleges false imprisonment. Count Two alleges intentional infliction of emotional distress. Count Three claims assault and battery. Count Four alleges a violation of Mass.Gen.L. ch. 111B, §§ 8 and 13. Count Eight (at least when liberally read) includes a claim of violation of state constitutional rights. If the plaintiffs seek to proceed on these state-law claims against the City of Boston, they must provide enough facts to support their claims under the standards imposed by state law. In the complaint, the plaintiffs did not allege any facts that would satisfy state-law requirements as to such claims. For this reason, the motion to dismiss these claims will be allowed, but with leave to amend.

■ Even if the plaintiffs can amend the complaint and provide a sufficient basis in fact for one or more of the state-law claims, the state-law claims must be dismissed for lack of jurisdiction unless some federal-law claim is adequately alleged. That is, absent any federal-law claim that might enable this court to take pendant jurisdiction of the state-law claims, the state-law counts must be dismissed for lack of federal jurisdiction. *United Mine Workers v. Gibbs* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).

### V. Claims Against the Commissioner Individually

In addition to the claims against Commissioner Roache in his official capacity, the plaintiffs apparently attempted to state claims against Commissioner Roache in his individual capacity. For the reasons stated above, this court seeks to avoid any misunderstanding that could arise from the manner in which the parties are named in the complaint. Accordingly, to the extent that plaintiffs seek to assert any claims against Francis Roache in his individual capacity, he shall be referred to as "Francis Roache, individually."

■ The federal-law claims against Commissioner Roache, individually, are civil rights claims arising under 42 U.S.C. § 1983. In cases arising under § 1983, qualified immunity will protect a public official from personal liability if that official acted in "good faith." *Brandon,* 469 U.S. at 472, 105 S.Ct. at 878; *Maiorana v. MacDonald,* 596 F.2d 1072, 1074 (1st Cir.1979) (police officials performing discretionary functions have qualified immunity from

federal civil rights liability). This "good faith" standard shields the officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Thus, as long as the public official did not act in violation of this qualified immunity standard, he or she will not be personally liable for any violation of the plaintiffs' civil rights.

██ In order to defeat the defense of qualified immunity the "plaintiff, before commencing the suit, must be prepared with a prima facie case of defendant's knowledge of impropriety, actual or constructive." *Krohn v. United States*, 742 F.2d 24, 31 (1st Cir.1984). In this case, the plaintiffs failed to provide any facts indicating that Commissioner Roache personally and knowingly violated plaintiffs' constitutional rights. Although pro se complaints are held to a less stringent standard, *Haines*, 404 U.S. at 520, 92 S.Ct. at 595, there must be some allegation of facts that would support a determination of a lack of "good faith" in the objective sense defined in *Harlow, supra*. Therefore, because the plaintiffs failed to state a claim upon which relief may be granted, the federal-law claims (Counts Five, Six, Seven and part of Eight) against Francis Roache, individually, must be dismissed.

Once the federal-law claims are dismissed, only state-law claims remain. Absent any federal-law claim that would enable this court to take pendant jurisdiction of the state-law claims, the state-law Counts must be dismissed for lack of federal jurisdiction. *United Mine Workers*, 383 U.S. at 726, 86 S.Ct. at 1139.

All claims against Commissioner Roache in his individual capacity are dismissed. Leave to amend to cure the deficiency in pleading will be allowed.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) All counts against the defendants designated as "Certain Unknown Officers" are dismissed on the ground that plaintiffs did not name a proper defendant. These counts are dismissed with leave to file an Amended Complaint. The plaintiffs may so file within sixty days.

(2) Defendants' Motion to Dismiss Counts against Commissioner Roache individually is ALLOWED on the ground that plaintiffs failed to allege sufficient facts upon which relief may be granted against him personally. These counts are dismissed with leave to file an Amended Complaint. Plaintiffs may so file within sixty days.

(3) Plaintiffs' counts against Commissioner Roache in his official capacity are, in effect, claims against the City of Boston. Plaintiffs' counts against the Boston City Police Department are also, in effect, claims against the City of Boston. Defendants' Motion to Dismiss the Counts against Commissioner Roache in his official capacity and against the Boston City Police Department are allowed with leave to plaintiffs to file an Amended Complaint within sixty days.

(4) The clerk and the parties are directed to delete "Francis Roache, Commissioner" and "Boston City Police Department" from the caption of this case on the docket of this court and on all pleadings filed hereafter and to substitute therefor, "City of Boston."

(5) In accordance with 28 U.S.C. § 2403(b), the clerk is ordered to certify to the Massachusetts Attorney General that there is a potential claim challenging the constitutionality of Mass.Gen.L. ch. 111B, § 8. The clerk is directed to send a copy of this Memorandum and Order to the Massachusetts Attorney General.

(6) Though dismissing all counts, this Order is interlocutory. Final judgment will not be entered before plaintiffs have had an opportunity to file an Amended Complaint within the time allowed by this Order.