Gately v. NHSP                            CV-95-561-SD   02/12/96
                    UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Patrick Gately


        v.                                    Civil No. 95-561-SD


Michael Cunningham,
 Warden, New Hampshire
 State Prison, et al


                            O R D E R


        Presently before the court is Magistrate Judge Muirhead's

Report and Recommendation (R & R) (document 6) regarding

plaintiff's amended complaint.  It is therein recommended that

"Jane Coplan, Ray Provencial, the New Hampshire Department of -

Corrections [(DOC)], the Department of Prison Investigations

[(DPI)], and the New Hampshire State Prison Mental Health Unit

[(MHU)] be dismissed from plaintiff's action."  R & R at 2.

Plaintiff partially objects.  Document 14.[1]

---

    [1]Plaintiff has no objection to dismissing Jane Coplan or Ray
Provencial from this litigation having indicated such intent both
in his Amended Complaint, see id. ¶ 5, and in his Objection to
the R & R, see id. ¶ 1.  Accordingly, that portion of the R & R
is approved, and it is herewith ordered that all claims against
putative defendants Coplan and Provencial be dismissed.

By separate motion, plaintiff also seeks reconsideration, following denial, of his motion to allow representation by a non-lawyer.  Document 13.  Defendants object.  Document 15.

1.  Standards

Although this court must construe plaintiff's pro se complaint liberally, Guglielmo v. Cunningham, 811 F. Supp. 31, 34 (D.N.H. 1993), "a plaintiff is obliged to set forth in [his] complaint 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory,'" Roth v. United States, 952 F.2d 611, 613 (1st Cir. 1991) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)).  More particularly,

> In civil rights cases, there is the need to balance the liberal construction given the Federal Rules of Civil Procedure against the potential abuses and needless harassment of defendants.  Thus, "the claim must at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why.'"

Guglielmo, supra, 811 F. Supp. at 35 (quoting Dewey v. University of N.H., 694 F.2d 1, 3 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983)); accord Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995) ("even pro se litigants must do more than make mere conclusory statements regarding constitutional claims") (citations omitted).

Upon the filing by any party of an objection to the R & R, this court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1) (1993).  "The power of the district court to reconsider a matter so decided by the magistrate judge is limited to those circumstances 'where it has been shown that the magistrate's order is clearly erroneous or contrary to law.'"  Rubin v. Smith, 882 F. Supp. 212, 215 (D.N.H. 1995) (quoting 28 U.S.C. § 636(b)(1)(A)) (other citations omitted).  "'A finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  Id. (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).

2.  Motion to Reconsider the R & R

Plaintiff objects to the dismissals of DOC, DPI, and MHU as recommended by the magistrate judge.  Plaintiff basically contends that due to his status as a "ward of the State," these defendants were under a duty to report and investigate his alleged rape at the hands of another inmate, and further, that

3

their failure to do so constitutes a violation of his Eighth Amendment right to be free from cruel and unusual punishment.

Review of the pleadings filed to date illuminate the basis for plaintiff's objection and the predicate for his present allegations. In his original complaint, plaintiff relates the facts supporting his claims, albeit in a fragmentary and confusing fashion. Of relevance to the instant inquiry, plaintiff alleges that he

> saw the doctor and the PA but they merely asked a few questions. I was also seen by Mental Health but only that one time. I was called to Investigations and gave a statement. I showed them a letter the other prisoner had written me. I told them about threats being made by other inmates due to this situation. When they searched this inmates room I was told they found a weapon (knife), drugs, and my Fathers address. They never did any other follow up and I was scared (since they did nothing and seemed indifferent).

Complaint at 3. Plaintiff further states "that he may have other staff members at the New Hampshire State Prison who have failed to protect him . . . ." Motion to Allow Jailhouse Lawyer and Response to R & R (document 9) ¶ 1.

These allegations raise two issues of pertinence. Plaintiff's complaint, as amended, may be construed as stating a claim against certain unknown officers and/or staff members of the DOC, DPI, and MHU. At this early stage of the proceedings,

4

and in the absence of any notable discovery, plaintiff would be permitted to maintain such action against certain unnamed defendants.  See Stratton v. City of Boston, 731 F. Supp. 42, 45 (D. Mass. 1989) (citing Saffron v. Wilson, 70 F.R.D. 51, 56 (D.D.C. 1975) (plaintiff permitted to name "John Doe" defendants until he had opportunity to determine identity of defendants)).

Alternatively, the court notes that plaintiff's complaint states claims, inter alia, against Warden Michael Cunningham, Corporal David O'Brien, and Wayne Brock in their official capacities.  "'[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.'"  Wilson v. Brown, 889 F.2d 1195, 1197 (1st Cir. 1989) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)) (other citations omitted).  By virtue of such construction, "the public entity must pay any damages that are awarded in an action brought against the official in his official capacity."  Stratton, supra, 731 F. Supp. at 45 (citing Monell v. Department of Social Servs., 436 U.S. 658, 662 (1978)).

Considered under this framework, the allegations against Cunningham, O'Brien, and Brock, in their official capacities, are merely claims against the public entities that the officials represent--DOC, DPI, and MHU, respectively.  Because defendants' answers are yet to be filed in this matter, the precise

interrelationship, if any, between and among the public entities is unclear.  For the present, however, the court will allow suit to proceed against the DOC, DPI, and MHU pending further notification of the public entity ultimately responsible for the alleged acts of the named public officials.[2]

Accordingly, plaintiff's Objection to the R & R is well taken, and that portion of the R & R pertaining to the DOC, DPI, and MHU is disapproved.  Service of the amended complaint shall be made on such defendants as required.

3.  Denial of Representation by Jailhouse Lawyer

In his well-reasoned order of January 19, 1996, the magistrate judge construed plaintiff's Motion to Allow Jailhouse Lawyer (document 9) as essentially seeking to have a non-lawyer inmate designated as plaintiff's "Attorney in Fact".  Order of Jan. 19, 1996, at 3.  Properly denying such motion, the magistrate judge noted,

> Denial of this motion does not mean, however,
> that the plaintiff is unable to accept the
> general advice of a fellow inmate.  Rather,
> denial of the motion shall mean that while
> plaintiff is unrepresented by counsel, he
> must take legal responsibility for, and must
> himself sign all papers filed in this court
> relative to his own case.  Similarly, any

---

[2]That is, if the DPI or MHU are merely departments within the DOC, then such entities shall be dismissed, as the DOC will be considered the responsible governmental actor for the individual employees' official acts.

6

> papers served by the court or opposing parties will be served on the plaintiff only. Thus, unless represented by a counsel, the plaintiff is solely responsible for the handling of his case.

Id. at 6.

The local rules of this court speak directly to this issue: "A pro se party may not authorize another person who is not a member of the bar of this court to appear on his or her behalf." Local Rule 83.6(b).[3] Precedent within the First Circuit also convincingly supports the magistrate judge's ruling. See Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) (notwithstanding right of prisoner "to seek assistance and advice on legal matters from other inmates in certain matters," such right does not extend to "representation during litigation by non-party laypersons"); Feliciano v. Dubois, 846 F. Supp. 1033, 1039 (D. Mass. 1994) ("an individual who is not an attorney admitted to practice in this court cannot be allowed to represent any other person") (citation omitted). Both the Local Rules and this Circuit's own precedent are bolstered by the statutory directive, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by

_____

[3]As of January 1, 1996, a new set of local rules has supplanted those that were extant at the time plaintiff filed his complaint. Such prior rules do not specifically address this situation, but make clear that a party before the court either (1) represents himself pro se, prior Local Rule 6(c), or (2) is represented by counsel, prior Local Rule 5.

7

the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (1994).

Finding the magistrate judge's ruling herein to be neither "'clearly erroneous [n]or contrary to law,'" Rubin, supra, 882 F. Supp. at 215 (quoting 28 U.S.C. § 636(b)(1)(A)), the motion for reconsideration must be and herewith is denied.

## Conclusion

For the reasons set forth herein, the R & R (document 6) is herewith approved in part and disapproved in part, and the Motion for Reconsideration (document 13) is denied.

Defendants Provencial and Coplan are dismissed, but the cause shall proceed against the Department of Corrections, the Department of Prison Investigations, and the Mental Health Unit pending notification of the public entity or entities ultimately responsible for the official acts of defendants Cunningham, O'Brien, and Brock.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 12, 1996

cc: Patrick Gately, pro se
    Suzan H. Lehmann, Esq.