John CUDDY, Plaintiff,

v.

CITY OF BOSTON, Tracy Landrum, individually, and William Parlan, individually, Defendants.

Civ. A. No. 89–2474–K.

United States District Court, D. Massachusetts.

April 23, 1991.

David Wardwell, Boston, Mass., for plaintiff.

Gerard A. Pugsley, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

KEETON, District Judge.

This is a civil rights action arising out of plaintiff's arrest in October, 1986. Now before the court are a Motion to Dismiss filed by Defendant City of Boston ("City") (Docket No. 17, filed January 24, 1991), with supporting memorandum (Docket No. 18, filed January 24, 1991), and Plaintiff John Cuddy's Opposition and supporting memorandum (Docket Nos. 19 and 20, filed February 7, 1991). The defendant's motion (Docket No. 17) explicitly seeks dismissal of some counts included in the list immedi-

ately below, but does not move to dismiss Counts VII, XIII, and XIV of the amended complaint. The final paragraph and parts of the defendant's supporting memorandum (Docket No. 18), however, do argue for dismissal of Counts VII, XIII, and XIV, as well as the six other counts referred to in its motion. The court will treat the submissions as a motion to dismiss all counts contained in the amended complaint that make allegations against the defendant City, that is, Counts III, VI, VII, X, XII, XIII, XIV, XVII, and XVIII of the plaintiff's amended complaint.

The defendant City has moved, pursuant to Rule 12(b)(6), to dismiss seven counts (Counts III, VI, VII, X, XII, XIII, and XVIII) of the amended complaint on the grounds that the plaintiff's allegations are conclusions that lack the specific facts required to state a claim upon which relief may be granted. The defendant also asserts that Counts VII, X, XII, XIII, and XIV, because they allege intentional torts, fail to state claims upon which relief can be granted under Massachusetts state law. In addition, the defendant contends that the intentional tort claims and Counts XVII and XVIII are pendent state law claims that should be dismissed if the federal claim is dismissed.

The plaintiff, opposing dismissal, asserts that he is prejudiced by the City's failure to respond to interrogatories and requests for production of documents. The plaintiff claims that without such discovery he is prevented from "supporting his claims and from obtaining factual information to further clarify this cause of action." Plaintiff's Memorandum (Docket No. 20), p. 5.

### I. Procedural History

The plaintiff filed his original complaint on October 2, 1989 in Massachusetts Superior Court, Suffolk County, and named the City of Boston and Judith Kurland, Commissioner of the Department of Health and Hospitals for the City of Boston, as defendants. Defendant City petitioned for removal to federal district court on federal-question grounds.

Following a scheduling conference in March, 1990, the plaintiff moved to amend his complaint to include additional defendants. The court denied the motion because the proposed amended complaint failed to satisfy the criteria set forth in *Stratton v. City of Boston*, 731 F.Supp. 42 (D.Mass.1989). The plaintiff had failed both to inquire into the identity of the unnamed defendants and to specify whether the individual defendants were being sued in their individual or official capacities. Procedural Order of June 29, 1990 (Docket No. 10).

In September, 1990, the plaintiff made a second motion to amend his complaint, naming as defendants the City of Boston; Tracy Landrum, individually; and William Parlan, individually. Because the proposed complaint satisfied the requirements of *Stratton*, the court allowed the motion to amend. The court did not, however, rule on the sufficiency of the complaint's allegations to withstand a motion to dismiss.

### II. The Rule 12(b)(6) Standard

The constraints of Rule 12(b)(6) of the Federal Rules of Civil Procedure govern the standard for deciding the motion to dismiss now before the court. Accordingly, the court must accept all well-pleaded factual averments as true, and draw all reasonable inferences therefrom in the plaintiff's favor. *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273, 276, 96 S.Ct. 2574, 2576–77, 49 L.Ed.2d 493 (1976); *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988). In so doing however, the court must "eschew any reliance on bald assertions [and] unsupportable conclusions." *Dartmouth Review v. Dartmouth College*, 889 F.2d 13, 16 (1st Cir.1989), quoting *Chongris v. Board of Appeals*, 811 F.2d 36, 37 (1st Cir.), *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987). A Rule 12(b)(6) motion will be granted only if, when viewed in this manner, the pleading shows no claim of a set of facts that could entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45–48, 78 S.Ct. 99, 101–03, 2 L.Ed.2d 80 (1957); *Gooley*, 851 F.2d at 514.

Although the demands on the pleader are minimal, "minimal requirements are not tantamount to nonexistent requirements.

The threshold [for stating a claim] may be low, but it is real ..." *Gooley,* 851 F.2d at 514. Modern notions of "notice pleading" notwithstanding, a plaintiff is "required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley,* 851 F.2d at 515. The Court of Appeals for the First Circuit has consistently required plaintiffs, at a minimum, to outline the specific facts on which they rely in civil rights cases. *Dartmouth Review,* 889 F.2d at 16, citing *Fisher v. Flynn,* 598 F.2d 663, 665 (1st Cir.1979); *Slotnick v. Staviskey,* 560 F.2d 31, 33 (1st Cir.1977), *cert. denied,* 434 U.S. 1077, 98 S.Ct. 1268, 55 L.Ed.2d 783 (1978).

Precedents have not defined the border between "facts" and "conclusions" as a bright line. The borderland is often blurred. Nevertheless, precedents do provide some guidelines. One of the guidelines is that it is only when "conclusions are logically compelled, or at least supported, by the stated facts, that is, when the suggested inference rises to what experience indicates is an acceptable level of probability, that 'conclusions' become 'facts' for pleading purposes." *Dartmouth Review,* 889 F.2d at 16.

### III. Sufficiency of the Federal Claim

 Count III of the plaintiff's amended complaint alleges violation by the City of the Federal Civil Rights Act, 42 U.S.C. § 1983. It is well established that municipalities cannot be held liable under § 1983 on a *respondeat superior* theory. Rather, to establish municipal liability under § 1983, the plaintiff must show that municipal employees were acting pursuant to some official policy or custom of the city when they violated the plaintiff's rights. *Oklahoma City v. Tuttle,* 471 U.S. 808, 810, 105 S.Ct. 2427, 2429, 85 L.Ed.2d 791 (1985); *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978). For example, with regard to a claim of inadequate training, it is only where a municipality's failure to train its employees evidences a "deliberate indifference" to the rights of

its inhabitants that such a shortcoming can be properly thought of as a city "policy or custom" that is actionable under § 1983. *City of Canton v. Harris,* 489 U.S. 378, 389, 109 S.Ct. 1197, 1204–05, 103 L.Ed.2d 412 (1989). *See also Voutour v. Vitale,* 761 F.2d 812, 820 (1st Cir.1985). In other words, the plaintiff must show that the failure to train reflects a "deliberate" or "conscious" choice by the municipality; a showing even of gross negligence on the part of the municipality is not sufficient to make out a claim under § 1983. *City of Canton,* 489 U.S. at 388 n. 7, 109 S.Ct. at 1204 n. 7.

It is a reasonable prediction that when the issue is squarely presented the Supreme Court will hold that the "deliberate indifference" standard adopted in *City of Canton,* which was a failure to train case, is equally applicable to cases where a municipality has allegedly failed to discipline or supervise its employees. I conclude, therefore, that I must apply the "deliberate indifference" standard of *City of Canton* to the allegations against the City in the complaint before me.

 Quoted at length below are all portions of the plaintiff's complaint that allege municipal liability for an unconstitutional custom or policy:

37. Despite the fact that the Defendants knew or should have known of prior incidents of misconduct of Officer Landrum and his propensity towards violence, defendants failed to take adequate steps to investigate these incidents and to discipline and supervise Officer Landrum in order to deter him from further acts of misconduct. Those failures constituted a policy or practice of the City of Boston.

38. Despite the fact that the Defendants knew or should have known of prior incidents of leaving the duty desk at Area E Station unattended, defendants failed to take adequate steps to investigate these incidents and to discipline and supervise Officer Parlan in order to deter him from further acts of misconduct. Those failures constituted a policy or practice of the City of Boston.

39. As of the time of the October 27, 1986 incident, the defendants had a policy or practice of failing to properly investigate complaints by civilians of acts of misconduct by police officers and to properly discipline and train officers guilty of such misconduct, thus sanctioning the use of excessive force by officers. The City of Boston also had a policy or practice as of October 28, 1986 of failing to properly train and supervise police officers in the appropriate use of force and continuous presence of Supervisory Police personnel on the booking desk at the Area E Police Station.

40. As of the time of the October 28, 1986 incident, the City of Boston had a policy or practice of permitting police officers to seek unfounded criminal complaints against victims of excessive force, in order to intimidate and coerce them.

. . . .

### [Count] III
*JOHN CUDDY VS CITY*

#### Federal Civil Rights Act

46. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1–45 as fully set forth herein.

47. Defendant City acting by and through its servants, agents or employees and supervisory individuals, caused plaintiff injuries and damages by failing to failure [sic] adequately to train, supervise, discipline and investigate the conduct of personnel examining a detainee of the City of Boston police department, said failure being the result of a policy or practice of condoning abusive and unconstitutional conduct within the Boston Police Department.

Alleged conclusions that the City knew or should have known of a pattern of police misconduct, and that the City failed to train, supervise and discipline its personnel, are not sufficient to state a claim. The Court of Appeals for the First Circuit has noted that, "complaints based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violations." *Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1018 (1st Cir.1979); *Kadar Corp. v. Milbury*, 549 F.2d 230, 233 (1st Cir.1977). Furthermore, a single alleged incident of individual misconduct will not support the inference that the City failed to train, supervise, or discipline its officers. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24, 105 S.Ct. 2427, 2436–37, 85 L.Ed.2d 791 (1985); *Kibbe v. City of Springfield*, 777 F.2d 801, 805 (1st Cir. 1985). The reference to unspecified "prior incidents" contained in paragraphs 37 and 38 is not an allegation of facts, and the plaintiff makes no specific allegations in his complaint about the conduct of any officers on any identified occasion other than the day of his arrest.

The plaintiff requests that the motion to dismiss be denied, that discovery take place, and that he be permitted to amend his complaint to conform with the evidence discovered. He argues that without City records and answers to interrogatories he cannot set forth his allegations with any greater specificity. He contends that the "City controls and has possession of all the personnel files of the Officers involved, citizen complaint files, internal rules, policies and training procedures." Plaintiff's Memorandum (Docket No. 20), p. 4.

Although the First Circuit has held that it is important to consider whether the information sought through discovery is "solely and exclusively within defendants' possession," *MacKnight v. Leonard Morse Hosp.*, 828 F.2d 48, 51 (1st Cir. 1987), the circuit court has frequently held that where the plaintiff fails to state a claim, he is not entitled to discovery merely to find out whether or not there is a factual basis for his claim. *Kadar Corp.*, 549 F.2d at 233 n. 2; *MacKnight*, 828 F.2d at 51. Furthermore, the appeals court has also held that "a court may grant summary judgment despite an opposing party's claim that discovery would yield additional facts where the opposing party has not alleged specific facts that could be developed through discovery." *Taylor v. Gallagher*, 737 F.2d 134, 137 (1st Cir.1984). Because the plaintiff fails to allege facts sufficient

to state a claim of municipal liability under § 1983, the plaintiff's request for discovery is denied and the City's motion to dismiss Count III will be granted.

### IV. State Law Claims Against the City

The eight remaining counts against the defendant City of Boston: violation of the Massachusetts Civil Rights Act (Count VI); false arrest (Count VII); false imprisonment (Count X); assault and battery (Count XII); malicious prosecution (Count XIII); intentional infliction of emotional distress (Count XIV); negligent infliction of emotional distress (Count XVII); and violation of the Massachusetts Tort Claims Act (Count XVIII) are state common law and state statutory claims. They are in federal court by virtue of removal of the entire action to this court because of the inclusion of a federal-law claim, Count III, and potential pendent jurisdiction over state-law claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–727, 86 S.Ct. 1130, 1138–39, 16 L.Ed.2d 218 (1966). The court having concluded that the federal claim against the City must be dismissed, the court cannot properly retain jurisdiction over the state-law claims under the guidance of *Gibbs.*

### V. Claims Against Officers Individually

With the federal and state claims against the defendant City no longer before this court, the only claims remaining will be those against defendants Tracy Landrum and William Parlan, City of Boston police officers sued in their individual capacities. Neither Officer Landrum nor Officer Parlan has filed an answer to the complaint. The court file, however, does not show that service of process was ever made upon either of the named defendants. According to Fed.R.Civ.P. 4(j), the time limit for service of the summons and complaint is 120 days from the filing of the complaint. In this case, where Officers Landrum and Parlan were first named as defendants in the amended complaint filed January 8, 1991, service must be made by May 8, 1991. If plaintiff has not, by that date, filed proof of service or a submission otherwise showing cause for retaining this case on the docket of this court, the clerk shall then enter a final judgment dismissing all claims except the state-law claims against the City that were alleged in the original complaint filed in the Superior Court of the state and remanding those claims to the state court.

### ORDER

For the foregoing reasons, it is ORDERED:

(1) Defendant City of Boston's Motion to Dismiss Count III is ALLOWED;

(2) Unless plaintiff has filed, on or before May 8, 1991, proof of service upon the individual defendants or a submission showing cause for retaining this case on the docket of this court, the clerk shall then enter a final judgment dismissing all claims except the state-law claims against the City that were alleged in the original complaint filed in the Superior Court of the state and remanding those claims to the state court.