Joseph F. **CONSOLO,** Plaintiff,

v.

Daniel F. **GEORGE,** Michael Mulvey, individually and as police officer, and The City of Worcester, Massachusetts, Defendants.

Civ. A. No. 92–40047–GN.

United States District Court, D. Massachusetts.

. Oct. 19, 1993.

---

Dennis J. Curran, Curran & Cameron, Boston, MA, for plaintiff.

Gary S. Brackett, Brackett & Lucas, Worcester, MA, for defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

### I. Background

Pending before this Court are several motions by defendants for directed verdicts in their favor, pursuant to Fed.R.Civ.P. 50(a), as to various counts in plaintiff's Complaint. The Court will treat each motion separately, except in so far as consolidation is possible. In order to grant a motion for a directed verdict pursuant to Fed.R.Civ.P. 50(a), this Court must determine whether there is sufficient evidence to present an issue for the jury, or whether, based upon the evidence, a reasonable jury could find only for the moving party. In making such a determination, the evidence must be viewed in a light most favorable to the party against whom the motion is made. *Dehydrating Process Co. v. A.O. Smith Corp.*, 292 F.2d 653, 656 n. 6 (1st Cir.1961), *cert. den.*, 368 U.S. 931, 82 S.Ct. 368, 7 L.Ed.2d 194 (1961).

### II. Motion for Directed Verdict by Defendant City of Worcester as to Count V— § 1983 de Facto Policy Allegation

Count V of the Complaint alleges that 1) there is a *de facto* policy of the City to permit police officers to use excessive force in making arrests and 2) the policy caused plaintiff to be deprived of his constitutional rights and was a proximate cause of harm to him. Because there is no legally sufficient evidentiary basis for a reasonable jury to find for plaintiff on Count V, defendant's motion is ALLOWED.

Count V of Plaintiff's complaint is a civil rights claim against the City of Worcester with a cause of action grounded in 42 U.S.C. § 1983. The Supreme Court has repeatedly held that a municipality will be found liable under 42 U.S.C. § 1983 only "where the municipality *itself* causes the constitutional violation at issue. *Respondeat superior* or vicarious liability will not attach under § 1983." *City of Canton, Ohio v. Harris*, 489

U.S. 378, 385, 109 S.Ct. 1197, 1202, 103 L.Ed.2d 412 (1989); *See also, Cuddy v. City of Boston,* 765 F.Supp. 775, 777 (D.Mass. 1991); *Santiago v. Fenton,* 891 F.2d 373, 381 (1st Cir.1989).

 Thus, in order to establish liability, a plaintiff must establish the existence of a policy or custom of the city as well as the causal link between that policy or custom and the constitutional deprivation alleged. Only where a policy or custom of a municipality evidences a "deliberate indifference" to the constitutional rights of its inhabitants is it actionable under § 1983. *City of Canton,* 489 U.S. at 389, 109 S.Ct. at 1203–05; *Oklahoma City v. Tuttle,* 471 U.S. 808, 823, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985); *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Cuddy,* 765 F.Supp at 777; *Voutour v. Vitale,* 761 F.2d 812, 820 (1st Cir. 1985), *cert. den., Town of Saugus v. Voutour,* 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 916 (1986); *Santiago,* 891 F.2d at 381.[1] The strict standard adopted by the Supreme Court in *City of Canton* requires a plaintiff to show more than gross negligence on the part of the municipality. Rather, the actions of the municipality must reflect a conscious or deliberate choice by the municipality. *City of Canton,* 489 U.S. at 388 n. 7, 109 S.Ct. at 1204 n. 7; *Cuddy,* 765 F.Supp. at 777.

In *Cuddy, supra,* a civil rights action which arose out of an arrest, this Court dismissed § 1983 counts based upon the alleged failure by the City of Boston to train, supervise, discipline and investigate adequately the conduct of its personnel. According to the complaint, that failure was the result of a policy or practice of condoning abusive and unconstitutional conduct within the Boston Police Department and of failing to investigate properly complaints of misconduct by police officers or to train the officers, thus sanctioning their use of excessive force. In *Cuddy,* applying the *City of Canton* standard of de-

liberate indifference, this Court dismissed the § 1983 count finding that plaintiff failed to allege facts sufficient to state a claim of municipal liability. *Cuddy,* 765 F.Supp. at 777.

According to this Court, civil rights complaints must outline the facts constituting the alleged violation rather than merely state conclusions. The Court continued:

> [f]urthermore, a single alleged incident of individual misconduct will not support the inference that the City failed to train, supervise, or discipline officers.

*Id.,* at 778, citing *Tuttle,* 471 U.S. at 823–24, 105 S.Ct. at 2436–37.

In addition, the District Court stated that reference to "unspecified prior incidents" and the lack of specific allegations of police misconduct at any time other than the date of his arrest did not qualify as an allegation of facts sufficient to establish the existence of a policy or custom of the City. *Cuddy,* 765 F.Supp. at 777.

 The question to be decided in this case is similar to that before the Court in *Cuddy.* Plaintiff has failed to meet the high standard for demonstrating municipal liability set by the Supreme Court in *City of Canton* and followed in the First Circuit. He alleges in Count V that there is a *de facto* policy in the City of Worcester to permit police officers to "summarily punish arrested persons by the use of excessive force". To demonstrate the existence of such an alleged *de facto* policy, plaintiff relies entirely on the opinion of an expert witness and the alleged circumstances surrounding plaintiff's arrest on April 9, 1990. No incidents within a reasonable time before or after the one alleged in plaintiff's complaint have been shown to substantiate the existence of such a policy.

The Court concludes that the plaintiff has failed to present sufficient evidence to allow a reasonable jury to find that there is a policy

---

**1.** Although the Supreme Court cases only discuss failure to train claims, this Court has held that the same standard is equally applicable to failure to supervise claims. *Rodriguez v. Furtado,* 771 F.Supp. 1245, 1258 (D.Mass.1991), *aff'd.,* 950 F.2d 805 (1st Cir.1991) (which rejected plaintiff's

failure to supervise claim by applying the standard set in *City of Canton* ); *Bordanaro v. McLeod,* 871 F.2d 1151, 1158–59 (1st Cir.1989), *cert. den., City of Everett v. Bordanaro,* 493 U.S. 820, 110 S.Ct. 75, 107 L.Ed.2d 42 (1989).

of the City of Worcester which, by permitting police officers to use excessive force in making arrests, indicates a deliberate indifference to the constitutional rights of its inhabitants. For the foregoing reasons, the motion of defendant City of Worcester, for a directed verdict as to Count V of plaintiff's Complaint will be **ALLOWED.**

### III. Motion of Defendant City of Worcester for a Directed Verdict as to Count VIII—Intentional Infliction of Emotional Harm

Count VIII of plaintiff's Complaint is a state law tort claim alleging that defendant City of Worcester, through the action of its employees, intentionally inflicted emotional distress upon plaintiff. It is well settled law that pursuant to the Massachusetts Tort Claims Act, a public employer is immune from liability for the intentional torts of its public employees. M.G.L. c. 258, § 10(c); *Gross v. Bohn,* 782 F.Supp. 173, 182, 185 (D.Mass.1990); *Tilton v. Town of Franklin,* 24 Mass.App.Ct. 110, 506 N.E.2d 897, *rev. den.* 400 Mass. 1103, 509 N.E.2d 1202 (1987). Accordingly, the City cannot be held liable for such claim, and for that reason, the motion of defendant City of Worcester for a directed verdict as to Count VIII will be **ALLOWED.**

### IV. Motions of Defendant Police Officers, Daniel F. George and Michael Mulvey, for a Directed Verdict as to Count IX—Gross Negligence

Count IX of plaintiff's Complaint alleges state law claims of gross negligence against defendants, Daniel F. George and Michael Mulvey. The Massachusetts Tort Claims Act provides that a public employer is liable for harm caused by the negligent or wrongful act or omissions of its public employees acting within the scope of their employment. *See* M.G.L. c. 258, § 2; *Gross v. Bohn,* 782 F.Supp. 173, 182 (D.Mass.1990). This immunity from personal liability for public employees has been held by the Supreme Judicial Court of Massachusetts to extend to acts or omissions which constitute gross negligence. *McNamara v. Honeyman,* 406 Mass. 43, 45–46, 546 N.E.2d 139,

141–42 (1989). Moreover, that chapter provides the exclusive remedy for tort claims, excluding intentional torts, against public employers for the acts or omissions of public employees. *See,* M.G.L. c. 258 § 4; *Fearon v. Commonwealth,* 394 Mass. 50, 53, 474 N.E.2d 162, 164–65 (1985).

Plaintiff does not allege that defendants, George and Mulvey, were acting in any capacity other than as municipal police officers during all times relevant to this action. Accordingly, the defendant police officers cannot be held individually liable for the claims of gross negligence. For that reason, the motion of defendants, Daniel F. George and Michael Mulvey, for a directed verdict on Count IX will be **ALLOWED.**

### V. Remaining Motions for Directed Verdict

A. The motion of defendant City of Worcester for a directed verdict as to Count VI is moot because that Count was voluntarily dismissed by plaintiff during the trial.

B. Because this Court finds that, with respect to the following counts, there was sufficient evidence to present issues to the jury:

1. motion of defendant City of Worcester for directed verdict as to Count IX alleging Gross Negligence will be **DENIED;**

2. motions of defendant Police Officers, Daniel F. George and Michael Mulvey, for directed verdicts as to Counts I, II and IV alleging violations of 42 U.S.C. § 1983 will be **DENIED;**

3. motion of defendant Police Officers for directed verdicts as to Count VII alleging assault and battery will be **DENIED;** and

4. motion of defendant Police Officers for directed verdicts as to Count VIII alleging intentional infliction of emotional distress will be **DENIED.**