Luis GALLEGO, Plaintiff

v.

Charles WILSON, J. Mugnaro, M. Cutillo, Carl Borgioli, the City of Boston and the City of Revere, Defendants.

Civ. A. No. 94–10939–MLW.

United States District Court,
D. Massachusetts.

April 19, 1995.

Frank J. Teague, Mills & Teague, Boston, MA, for plaintiff.

Mary Jo Harris, Asst. Corp. Counsel, Boston, MA, for defendants Wilson, Mugnaro and City of Boston.

Michael J. Akerson, Reardon & Reardon, Worcester, MA, for defendants Cutillo & Borgioli.

Denise DiCarlo, Asst. City Sol., Revere, MA, for defendant City of Revere.

*MEMORANDUM AND ORDER ON DEFENDANT CITY OF BOSTON'S MOTION TO DISMISS THE PLAINTIFF'S COMPLAINT (# 4)*

COLLINGS, United States Magistrate Judge.

## I. INTRODUCTION

In this removal action, the plaintiff Luis Gallego ("Gallego") alleges claims arising out

of an incident in May, 1991, during which he purportedly was assaulted and battered by police officers from the cities of Boston and Revere. Count I of the five-count complaint is a state law claim for assault and battery against the individual police officers, defendants Charles Wilson ("Wilson"), J. Mugnaro ("Mugnaro"), M. Cutillo ("Cutillo") and Carl Borgioli ("Borgioli"). In Count II, Gallego contends that by using excessive force to effectuate his arrest, the defendant police officers deprived him of his Fourth and Fourteenth Amendment rights in violation of Title 42 U.S.C. § 1983. Next, in Count III, the plaintiff alleges a claim under the Massachusetts Tort Claims Act, i.e., that the Commissioner of the Boston Police Department and Boston Police supervisory authorities caused him harm due to their negligence in training, supervising and disciplining members of the Boston Police, including defendants Wilson and Mugnaro. In Count IV, Gallego states a claim against defendants Wilson, Mugnaro and Cutillo for violation of the Massachusetts Civil Rights Act. Finally, in Count V, Gallego avers that the cities of Revere and Boston are liable under Title 42 U.S.C. § 1983 consequent to their failure properly to train, supervise and discipline the members of their respective police departments.

The defendant City of Boston has filed a motion to dismiss the claims[1] asserted against it pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. (# 4) Gallego opposes this dispositive motion. (# 7) At this juncture, the merits of the motion to dismiss are ripe for resolution.[2]

## II. THE FACTS

For contextual purposes, a brief recitation of the facts is in order. As mandated in the present context, all the well-pleaded factual allegations of the complaint are accepted as true, and further, the facts will be construed in the light most favorable to the non-moving party. *See, e.g., Caribe BMW, Inc. v. Bayerische Motoren Werke Aktiengesellschaft,* 19 F.3d 745, 748 (1 Cir., 1994) citing *Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, F.S.B.,* 958 F.2d 15, 17 (1 Cir., 1992).

Gallego asserts that upon entering a certain premises in Revere, Massachusetts, pursuant to a search warrant on May 2, 1991, the individual defendant police officers "brutally and with unreasonable force grabbed plaintiff and threw him onto a table, breaking the table, and onto the floor" while placing him under arrest. (Complaint ¶¶ 8, 9) Thereafter, "[d]efendant Wilson, with no reason or provocation, struck plaintiff on the side of the head with an open hand with great force." (Complaint ¶ 10) As a result of this blow, Gallego suffers from a permanent partial loss of hearing, dizziness, and constant ringing in his ears. (*Id.*) Further, "defendant Wilson caused handcuffs to be placed on plaintiff and tightened them with unnecessary force to such a degree that his wrists began to bleed and have been permanently scarred." (Complaint ¶ 11) At no time during the arrest did the plaintiff offer any resistance to the police officers. (Complaint ¶ 9)

## III. THE STANDARD

■ The First Circuit has had occasion to write that:

The jurisprudence of Civil Rule 12(b)(6) is well defined. An appellate court reviews the granting of a motion to dismiss *de novo,* applying the same criteria that obtained in the court below. *McCoy v. Massachusetts Institute of Technology,* 950 F.2d 13, 15 (1st Cir.1991). Thus, we take the factual averments contained in the complaint as true, indulging every reasonable inference helpful to the plaintiff's cause. *See Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1st Cir. 1989); *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988). Great specificity is ordinarily not required to survive a Rule

---

1. Although the City of Boston addresses the allegations of Count IV in its memorandum of law in support (*See* # 5 at p. 8), Gallego disavows any intention of asserting a claim under the Massachusetts Civil Rights Act against the municipality. (*See* # 7 at p. 8).

2. With the parties' consent, this case has been reassigned to the undersigned for all purposes, including trial and the entry of judgment, pursuant to Title 28 U.S.C. § 636(c).

12(b)(6) motion.... [I]t is enough for a plaintiff to sketch an actionable claim by means of "a generalized statement of facts from which the defendant will be able to frame a responsive pleading." 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 (1990). In the last analysis, then, the court of appeals "may affirm a dismissal for failure to state a claim only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 52 (1st Cir.1990).

*Garita Hotel, Ltd. v. Ponce Federal Bank,* 958 F.2d 15, 17 (1 Cir., 1992) (footnote omitted).

Moreover, a complaint will be deemed insufficient if the plaintiff relies upon " 'bald assertions, unsupportable conclusions, and "opprobrious epithets." ' " *Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 16 (1 Cir., 1989) quoting *Chongris v. Board of Appeals,* 811 F.2d 36, 37 (1 Cir.), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987) (further citation omitted). In short, under Rule 12(b)(6),

> ... minimal requirements are not tantamount to nonexistent requirements. The threshold may be low, but it is real—and it is the plaintiff's burden to take the step which brings his case safely into the next phase of litigation. The court need not conjure up implied allegations or contrive elaborately arcane scripts in order to carry the blushing bride through the portal.

*Gooley v. Mobil Oil Corporation,* 851 F.2d 513, 514 (1 Cir., 1988). Having set forth the applicable standard, the individual claims shall be considered.

## IV. ANALYSIS

### A. The Federal Claim

In his section 1983 claim against the City of Boston, Gallego incorporates the facts earlier recounted hereinabove. The plaintiff then alleges:

> 27. On information and belief, the use of excessive force and assault and battery to which plaintiff was subjected were consistent with an institutionalized practice of the police chiefs of Boston and Revere, which was known to and ratified by the Boston Police Commissioner, the police chiefs of Boston and Revere, and other police supervisory authorities of the said cities. The defendants have at no time taken or attempted to take any effective training, supervisory or disciplinary action to prevent police personnel from continuing to engage in such misconduct.

> 28. On information and belief, the said police supervisory authorities in the City of Boston and the City of Revere had prior notice of the violent propensities of the individual defendants, but took no steps to train them, correct their abuse of authority, or discourage their unlawful use of excessive force. The failure to properly train, supervise and discipline defendants and other police officers established a municipal policy of excessive force in the police departments of the cities of Boston and Revere.

Complaint ¶¶ 27, 28.

Gallego claims to have been damages as a consequence of these actions.

■ The plaintiff's allegations fail to state a claim for at least two reasons. First, a single alleged incident of individual misconduct cannot establish a municipal policy or custom. *See, e.g., Oklahoma City v. Tuttle,* 471 U.S. 808, 823–24, 105 S.Ct. 2427, 2436–37, 85 L.Ed.2d 791 (1985) (Rehnquist opinion); *Kibbe v. City of Springfield,* 777 F.2d 801, 804–6 (1 Cir., 1985), *cert. granted,* 475 U.S. 1064, 106 S.Ct. 1374, 89 L.Ed.2d 600 (1986), *cert. dismissed,* 480 U.S. 257, 107 S.Ct. 1114, 94 L.Ed.2d 293 (1987); *Cuddy v. City of Boston,* 765 F.Supp. 775, 778 (D.Mass.1991). Admittedly the First Circuit has written:

> While it is true that evidence of a single event alone cannot establish a municipal custom or policy, *see,* e.g., *Tuttle,* 471 U.S. at 823–24, 105 S.Ct. at 2436–37 (opinion of Rehnquist, J.), where other evidence of the policy has been presented and the 'single incident' in question involves the concerted action of a large contingent of individual municipal employees, the event itself provides some proof of the existence of the underlying policy or custom.

*Bordanaro v. McLeod,* 871 F.2d 1151, 1156–7 (1 Cir.), *cert. denied,* 493 U.S. 820, 110 S.Ct. 75, 107 L.Ed.2d 42 (1989) (footnote and citations omitted); *see also Willhauck v. Halpin,* 953 F.2d 689, 714 n. 25 (1 Cir., 1991); *Santiago v. Fenton,* 891 F.2d 373, 381 (1 Cir., 1989); *Kibbe,* 777 F.2d at 806 n. 3.

However, in the instant case, the facts as alleged relate solely to one discreet occurrence of misconduct. There are absolutely no facts alleged from which a policy or custom could be inferred. Gallego's allegations "upon information and belief" are, quite simply, unadorned conclusions similar to those in the *Cuddy* case, 765 F.Supp. at 777–9, which were found to be insufficient.

The plaintiff argues that the complaint passes muster under the standard set by the Supreme Court in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993). In that case, it was decided by a unanimous court that:

> ... a federal court may [not] apply a 'heightened pleading standard'—more stringent than the usual pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure—in civil rights cases alleging municipal liability under Rev.Stat. § 1979, 42 U.S.C. § 1983.

*Leatherman,* —— U.S. at ——, 113 S.Ct. at 1161.

But I am in agreement with Judge Zobel who has noted that

> ... the standard enunciated in *Cuddy* ... is not a heightened standard at all ... [it] only requires plaintiffs to outline the facts that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

*Kimberly v. Searle, etc., et al.,* C.A. 92–11556–Z, 1993 WL 343672, August 24, 1993 (slip opinion) citing *Cuddy,* 765 F.Supp. at 776–7.

In other words, the *Leatherman* case does not abrogate the requirement that the plaintiff allege facts, and not mere conclusions, in support of his claim.

■ Second, the Supreme Court has determined "that a city must exhibit 'deliberate indifference' towards the constitutional rights of persons in its domain before a § 1983

action for 'failure to train' is permissible." *City of Canton, Ohio v. Harris,* 489 U.S. 378, 388 n. 7, 109 S.Ct. 1197, 1204 n. 7, 103 L.Ed.2d 412 (1989). There is no such allegation of deliberate indifference or even gross negligence amounting to deliberate indifference in Count V of the plaintiff's complaint. This omission is fatal to Gallego's section 1983 claim.

### B. The State Claim

With respect to Count III, the City of Boston essentially argues that Gallego cannot state a cause of action under the Massachusetts Tort Claims Act because the City owed him no "special duty." *See,* e.g., *Dinsky v. Town of Framingham,* 386 Mass. 801, 804–5, 438 N.E.2d 51, 53 (1982). However, as the plaintiff correctly points out, the Supreme Judicial Court announced its intention to abolish this so-called public duty rule vis-a-vis the Massachusetts Tort Claims Act effective "after the conclusion of the 1993 session of the Legislature." *Jean W. v. Commonwealth,* 414 Mass. 496, 499, 610 N.E.2d 305, 307 (1993) (footnote omitted). In response to this judicial pronouncement, legislation was enacted amending the Massachusetts Tort Claims Act. *See* St.1993, c. 495 §§ 57, 145.

■ The City of Boston contends it enjoys immunity under the following provision of the amended statute:

> (h) any claim upon the failure to establish a police department or a particular police protection service, or if police protection is provided, for failure to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes, identify or apprehend criminals or suspects, arrest or detain suspects, or enforce any law, but not including claims based upon the negligent operation of motor vehicles, negligent protection, supervision or care of persons in custody, or as otherwise provided in clause (1) of subparagraph (j).

Massachusetts General Laws c. 258, § 10(h).

Gallego's claim is not that the City of Boston failed to provide adequate police protection; rather, the claim is that the City negligently

failed to train and supervise police officers known to have a tendency to employ excessive force in the performance of their duties. (Complaint ¶¶ 19–20) Such a claim would not be encompassed within the statutory provision upon which the City of Boston relies for immunity. *Cf.*, e.g., *Hathaway v. Stone*, 687 F.Supp. 708, 711 (D.Mass.1988).

## V. CONCLUSION AND ORDER

For all the reasons stated, it is ORDERED that the Defendant City of Boston's Motion to Dismiss the Plaintiff's Complaint (# 4) be, and the same hereby is, ALLOWED with respect to Count V and DENIED with respect to Count III.