Marcelina **SANTIAGO ROLON**, Plaintiff,

v.

**CHASE MANHATTAN BANK**
**et al.**, Defendant.

Civil No. 94–2577 (HL).

United States District Court,
D. Puerto Rico.

Jan. 16, 1996.

Juan F. Matos–de–Juan, Matos Bonet & Matos–de–Juan, San Juan, PR, for Marcelina Santiago Rolón.

Jose J. Santiago–Melendez, Juan Carlos Benitez–Colon, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Chase Manhattan Bank, N.A.

Hector F. Oliveras–Delgado, Pinto–Lugo & Rivera, San Juan, PR, for American International Life Insurance Company of Puerto Rico.

## OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is co-Defendant Chase Manhattan Bank's ("Chase") motion for summary judgment on the grounds that: (1) Plaintiff is not entitled to extracontractual damages under the Employee Retirement Income Security Act ("ERISA"); (2) ERISA prohibits Plaintiff from seeking personal damages for an alleged breach of fiduciary duty; and (3) Chase lawfully denied Plaintiff the life insurance benefits under ERISA. (Dkt. No. 20). Although Plaintiff concedes that she can not receive extracontractual damages, she opposes Chase's remaining arguments. (Dkt. No. 25). For the reasons explained below, the Court **grants,** in part, and **denies,** in part, Chase's motion for summary judgment.

## STANDARD OF REVIEW

The Court shall grant Chase's motion for summary judgment when there is no genuine issue of material fact in dispute and it is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56; *Stepanischen v. Merchants Despatch Transp. Corp.,* 722 F.2d 922, 928 (1st Cir.1983). While Chase bears the initial burden of pointing out the absence of material facts in dispute, Plaintiff bears the ultimate responsibility of describing specific facts which present a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

## FACTUAL SETTING

The Court construes all material facts and reasonable inferences drawn therefrom in favor of Plaintiff. *Leary v. Dalton,* 58 F.3d 748, 751 (1st Cir.1995). Plaintiff, Marcelina Santiago Rolón ("Santiago"), is the wife of Agustín Rivera Pérez ("Rivera") and the sole beneficiary of Rivera's life insurance policy. Rivera labored as a Chase employee for almost twenty-five years from June 29, 1959 until May 29, 1985. Unfortunately, on November 28, 1984, Rivera had a massive intracerebral hemorrhage that left him totally disabled. Rivera's physical abilities and cognitive functions deteriorated to the point that Rivera suffered from a severe loss in memory.

As a result of Rivera's physical and mental impairment, he was awarded full disability benefits from the Social Security Administration and the State Insurance Fund. In addition, Chase awarded Rivera the full benefits of his long term disability insurance policy. One of the fringe benefits of this insurance policy was the continuation of Rivera's life insurance policy. The value of the policy was equivalent to his annual salary, thirteen thousand dollars ($13,000.00).

When Rivera passed away on March 29, 1992, his wife requested the benefits of the life insurance policy. American Intercontinental Life Insurance of Puerto Rico ("Amniport"), Chase's insurance company, denied her claim. The insurance company concluded that Rivera failed to maintain all of his insurance payments.[1] Although Chase was responsible for making these payments, Chase contended that Rivera never submitted annual proof of his disability in violation of the clear terms of the insurance policy. As a result, Chase asserts that it lawfully denied Santiago the death benefits.

Santiago does not deny that her husband failed to submit annual proof of the disability. Santiago, however, asserts that Chase received the evidence of Rivera's disability when she and her husband submitted the proceedings of the Social Security Adminis-

---

1. *See* Def.Mot.Summ.J., Dkt. No. 20, Exhibit 6.

tration and the State Insurance Fund.[2] Moreover, Santiago asserts that Chase never notified her husband of the requirement for annual proof. Santiago received a summary plan description ("SPD") entitled "Getting Well Without Worry" distributed by Chase to all its employees. The SPD does not mention whether proof of a disability is necessary before receiving death benefits.[3] Rather, this requirement appears in a separate booklet distributed to Chase employees entitled "Group Insurance Plans" and in the Group Life Insurance Certificate of Amniport that is not distributed to the employees.[4]

Santiago disputes Chase's claim that her husband received the Group Insurance Plan booklet.[5] In fact, Santiago maintains that because she and her husband were concerned about receiving all of their insurance benefits, her husband met with a Chase benefits representative, Gladys Silva de Blanco. Santiago and Chase also dispute whether this Chase employee informed Rivera that he must submit annual proof of his disability before his wife could receive death benefits.[6]

Because Chase denied Santiago $13,000.00 in death benefits, she brought the instant suit against Chase alleging that the bank violated the terms of the employee welfare benefit plan. *See* 29 U.S.C. § 1132 (1985 & 1995 Supp.). Santiago requests the benefits of her husband's life insurance policy, compensatory damages, damages for mental anguish and emotional suffering, pre-judgment interest, costs, and attorney's fees.

## DISCUSSION

Chase moves for summary judgment on three grounds: (1) Plaintiff is not entitled to compensatory and emotional damages under ERISA; (2) ERISA prohibits a recovery of personal damages for an alleged breach of fiduciary duty; and (3) Chase lawfully fulfilled its obligations under the employee welfare benefit plan.

◼ Chase is entitled to summary judgment on Plaintiff's claims of compensatory and emotional damages. In her opposition to Chase's motion for summary judgment, Santiago concedes that she is not entitled to these damages for an ERISA violation. *See* Pl.Opp'n Mot.Summ.J., Dkt. No. 25, at 3 ¶ 11. Plaintiff's concession reflects the current state of the law. The decisions by the Supreme Court of the United States and the First Circuit Court of Appeals foreclose any opportunity for Santiago to recover compensatory or emotional damages, known as extracontractual damages, under ERISA. *See Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 146, 105 S.Ct. 3085, 3093, 87 L.Ed.2d 96 (1985) (holding that plaintiffs may not recover extracontractual damages for a breach of fiduciary duty under ERISA's section 1132(a)(2)); *Drinkwater v. Metropolitan Life Ins. Co.,* 846 F.2d 821, 825 (1st Cir.1988) (holding that plaintiffs may not recover extracontractual damages for violations of any term or provision of the employee benefit plan under section 1132(a)(3)(B)).

◼ Chase is also entitled to summary judgment on Santiago's breach of fiduciary duty claim under section 1132(a)(2). *See* 29 U.S.C.A. § 1132(a)(2) (1985). As a matter of law, Santiago's claim is not cognizable under ERISA. *See* 29 U.S.C.A. § 1109(a) (1985). Individual plan participants may not seek to recover damages personally for breaches of fiduciary duties. An action may only be brought for the benefit of the plan itself. *Massachusetts Mut. Life Ins. Co.,* 473 U.S. at 141–44, 105 S.Ct. at 3090–91; *Tassinare v. American Nat'l Ins. Co.,* 32 F.3d 220, 222 (6th Cir.1994). ERISA, therefore, bars Santiago's request for personal relief for an alleged breach of fiduciary duty.

Santiago's remaining claim that Chase violated the terms of the employee plan is a different matter. The Court reviews Chase's decision to deny Santiago death benefits under section 1132(a)(1)(B) *de novo. See Fire-*

---

2. *See* Pl.Opp'n Mot.Summ.J., Dkt. No. 25, Exhibit I.

3. *See* Def.Mot.Summ.J., Dkt. No. 20, Exhibit 2.

4. *See* Def.Mot.Summ.J., Dkt. No. 20, Exhibits 3 & 4.

5. *See* Pl.Opp'n Mot.Summ.J., Dkt. No. 25, at 11 ¶ 52.

6. *See* Def.Mot.Summ.J., Dkt. No. 20, Exhibit 1; Pl.Opp'n Mot.Summ.J., Dkt. No. 25, at 4–8.

stone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989). Chase's benefit plan does not grant the plan administrator discretionary authority to determine the prerequisites to receive the benefits or to interpret the language of the plan. Id.

Chase acknowledges that it has developed an "employee welfare benefit plan" and that Santiago has standing to sue as the sole beneficiary of her husband's life insurance policy. See 29 U.S.C.A. §§ 1002(1), 1002(8), 1132(a)(1)(B) (1985 & 1995 Supp.). Chase contends, however, that it complied with all its obligations under the plan. It argues that Santiago was denied benefits because her husband never submitted annual proof of his disability. Chase's interpretation of the plan, however, is misguided.

■ Chase overlooks which documents constitute the employee welfare benefit plan. It argues incorrectly that the plan encompasses (1) the booklet entitled "Getting Well Without Worry," (2) the booklet entitled "Group Insurance Plans," and (3) the Group Life Insurance Certificate. Chase relies on the language in the "Group Insurance Plans" booklet and the certificate that requires, in clear terms, annual proof of the disability before distributing the benefits.

According to section 1022, however, the "Group Insurance Plans" and the certificate do not encompass the plan. The plan is defined by "Getting Well Without Worry." See 29 U.S.C.A. § 1022 (1985). It is the only Chase booklet that complies with section 1022(b)'s requirements for a summary plan description. The other two documents do not have several of these prerequisites including: (1) the name and address of the person designated as the agent for service of process: (2) the name and address of the administrator; and (3) the procedures to be followed in presenting claims and the remedies available for violations of the plan.

Courts have consistently held that the summary plan description is controlling despite the existence of other official booklets that contradict the plan or discuss additional requirements. See Alday v. Container Corp. of America, 906 F.2d 660, 665–66 (11th Cir. 1990), cert. denied, 498 U.S. 1026, 111 S.Ct.

675, 112 L.Ed.2d 668 (1991) (oral or written communications external to the summary plan description and in non-compliance with section 1022 are inapposite when summary plan description is clear); Hansen v. Continental Ins. Co., 940 F.2d 971, 981–82 (5th Cir.1991) (summary plan description is controlling when in conflict with other documents including the plan itself); Heidgerd v. Olin Corp., 906 F.2d 903, 907–08 (2d Cir. 1990) (same); Edwards v. State Farm Mutual Auto. Ins. Co., 851 F.2d 134, 136 (6th Cir.1988) (same); McKnight v. Southern Life & Health Ins. Co., 758 F.2d 1566, 1570 (11th Cir.1985) (same).

Furthermore, courts have held that summary plan descriptions which do not discuss in simple terms all the "circumstances which may result in disqualification, ineligibility, or denial or loss of benefits" may violate section 1022. 29 U.S.C.A. § 1022 (1985); see Genter v. Acme Scale & Supply Co., 776 F.2d 1180, 1185 (3d Cir.1985) (summary plan description must not mislead, misinform, or fail to inform participants and beneficiaries); Bower v. Bunker Hill Co., 725 F.2d 1221, 1224 (9th Cir.1984) (misleading plan description may violate section 1022 of ERISA); United Steelworkers of America, AFL–CIO v. Newman–Crosby Steel, Inc., 822 F.Supp. 862, 867 (D.R.I.1993) (summary plan description failing to inform about denial of benefits precludes company from terminating those benefits). As long as Santiago can demonstrate significant reliance upon the faulty plan description or prejudice resulting therefrom, Santiago has a cognizable cause of action under ERISA. Govoni v. Bricklayers, Masons & Plasterers Int'l Union of America, 732 F.2d 250, 252 (1st Cir.1984).

In "Getting Well Without Worry," Chase does not require in lucid terms annual proof of the disability in order to receive long-term disability benefits or death benefits. Under a section entitled "The Meaning of Total Disability," the plan states that a disabled employee "may need to have a medical examination or treatment from time to time to provide proof of [the employee's] continued disability." Def.Mot.Summ.J., Dkt. No. 20, Exhibit 2, at 3. In another section entitled

"How to File a Claim," the plan states that the employee:

> must furnish proof of ... disability within ninety days after completing the six-month qualifying period. If it isn't reasonably possible to do so, the proof may be furnished at the earliest reasonable possible date without invalidating your claim. You will have to provide written proof of the disability.... You must submit to medical exams and tests on a reasonable basis in order to verify the disability.

*Id.* at 7. Significantly, the plan never discusses the requirements that an employee must obey in order to receive death benefits. It simply states: "While you are totally disabled, you will also be eligible to continue your coverage under your Health and Life Insurance Plans. The Personnel Department will inform you of the arrangements to be made to continue this coverage." *Id.* at 8.

Therefore, the summary plan description does not apprise an employee that he or she must submit annual proof of a disability. Santiago maintains that the Personnel Department never informed her husband of this requirement. She asserts that there is no evidence that her husband received the "Group Insurance Plans" booklet. Moreover, she argues that Chase's benefits representative can not recall discussing the exact requirements for receiving death benefits with her husband. *See* Aff. Gladys Silva de Blanco, Def.Mot.Summ.J., Dkt. No. 20, Exhibit 1. Furthermore, a memorandum of Chase's benefits representative found in the personnel file of Rivera and summarizing the representative's discussion with Rivera does not indicate whether the requirements to receive death benefits were ever discussed with him. *See* Pl.Opp'n Mot.Summ.J., Dkt. No. 25, Exhibit II.

■ Santiago's evidence raises two disputed, genuine issues of material fact. First, there is a genuine issue in dispute about whether the summary plan description, "Getting Well Without Worry," failed to explain as required all the "circumstances which may result in disqualification." *See* 29 U.S.C.A. § 1022(b) (1985). Second, even if the plan was not defective, there is a genuine issue in dispute over whether the Personnel Depart-

ment informed Rivera of the required annual proof of disability. Consequently, Santiago's claim that Chase violated the terms of the summary plan description is inappropriate for resolution on a motion for summary judgment.

## CONCLUSION

The Court **grants, in part,** and **denies, in part,** Chase's motion for summary judgment. On the one hand, the Court hereby dismisses Plaintiff's claims of extracontractual damages and Plaintiff's claim that Chase breached a fiduciary duty to her husband. Neither claim is cognizable as a matter of law under ERISA. A partial judgment dismissing these claims shall be entered accordingly. On the other hand, the Court denies Chase's motion for summary judgment on the grounds that it did not violate the ERISA plan. The Court finds that there are genuine issues of material fact in dispute over whether Chase fulfilled its obligations under the summary plan description.

**IT IS SO ORDERED.**