Albert P. TORCHETTI,[1]

v.

**INTERNATIONAL BUSINESS MACHINES CORP., et al., Defendants.**

No. CIV.A.96–10243–PBS.

United States District Court, D. Massachusetts.

Nov. 12, 1997.

---

1. Until she settled, Rana Harris was the lead plaintiff.

Eric S. Kupperstein, Kupperstein & Kupperstein, Boston, MA, for Plaintiffs.

Thomas E. Shirley, Choate, Hall & Stewart, Boston, MA, Howard S. Weber, Jay E.

Gerber,· Davis, Scott, Weber & Edwards, New York, NY, for Defendants.

## ORDER RE: OBJECTIONS

SARIS, District Judge.

On May 15, 1997, the magistrate judge issued "Findings and Recommendations on Defendant's motion to dismiss and strike." (*See* Attachment A.) I assume familiarity with that decision and rule as follows:

### I. *Plaintiffs, Objections (Docket 34)*

First, plaintiffs object to the order of the magistrate judge dismissing the claims under ERISA based on their contention that the fiduciary knew "it was a corrupt, unscrupulous, and unfair process that was employed by their IBM management when selecting which employees were 'surplus' and which were 'essential.'" The magistrate judge allowed the motion to dismiss the ERISA claims, denied the defendants' motion to dismiss plaintiffs' "9(b) claim" of fraud and gave plaintiffs leave to amend. This dismissal appears to be based on a misunderstanding that there was a common law fraud claim in the consolidated complaint. The complaint does not contain such a claim, and, in any event, it would be preempted by ERISA, as both parties seem to agree. 29 U.S.C. § 1144(a). Accordingly, the Court sustains the objection to the dismissal of the ERISA claims (Counts 1 through 4 of the consolidated complaint) against IBM and James Daly.

■ However, this Court agrees with the magistrate judge that any ERISA claims of fraud or of a breach of fiduciary duty stemming from fraud against IBM and Daly have not met the requirements of Rule 9(b). Plaintiffs did not object to the applicability of Rule 9(b) to an ERISA claim of breach of fiduciary duty by engaging in a fraud, and the Court determines that the vague allegations of fraud against IBM and Daly require that "the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b); *see Rodowicz v. Massachusetts Mut. Life Ins. Co.*, 857 F.Supp. 992, 998–99 (D.Mass.1994) (applying Rule 9(b) to ERISA breach of fiduciary duty claim "predicated on allegations of fraudulent misrepresentation"), *vacated on other grounds*, 915 F.Supp. 486 (D.Mass.1996); *Thornton v. Evans*, 692 F.2d 1064, 1082–83, 1083 n. 43 (7th Cir.1983) (requiring portions of ERISA fiduciary duty claim alleging fraud to be pleaded with particularity); *cf. Concha v. London*, 62 F.3d 1493, 1502–03 (9th Cir.1995) (not requiring compliance with Rule 9(b) where ERISA breach of fiduciary duty claim did not allege the commission of a fraud), *cert. dismissed*, 517 U.S. 1183, 116 S.Ct. 1710, 134 L.Ed.2d 772 (1996). Therefore, Plaintiffs must amend their consolidated complaint as against IBM and Daly to comply with Rule 9(b) within 20 days of their receipt of this Order.

■ Second, Plaintiffs object to the magistrate judge's decision to dismiss all claims against Louis V. Gerstner, Jr., a director and Chief Executive Officer of IBM. I agree with the magistrate judge here. The consolidated complaint has alleged that Gerstner had "discretionary responsibility or authority over the MSTP plan." The consolidated complaint also alleges that the plan administrator (and named fiduciary) is Daly, who maintains offices at Workforce Solutions, Old Orchard Road, Armonk, N.Y. 10504.[2] The MSTP plan, attached to the complaint, gives the plan administrator "full and exclusive discretionary authority to construe the provisions and interpret the terms of this program in a manner which is consistent with the intent of the MSTP". The only facts alleged in the complaint regarding Gerstner is that the MSTP gives management the sole discretion to designate which employees are surplus and essential. However, there is no allegation of an express delegation to Gerstner personally.

These allegations are insufficient to render Gerstner a fiduciary under the functional definition set forth in 29 U.S.C. § 1002(21)(A) or § 1105(c)(1)(B). *See Rodriguez–Abreu v. Chase Manhattan Bank, N.A.*, 986 F.2d 580, 584 (1st Cir.1993) (requiring proper designa-

---

**2.** The record is unclear in certain respects. Although Workforce Solutions is located at the same address as IBM, it is unclear if Daly is an employee of IBM or a related entity. Also, it is unclear whether the MTSP project office is an office within IBM.

tion in order for someone to be considered a fiduciary). Similarly, there are no allegations sufficient to pass the heightened pleading requirements of Rule 9(b) that he knowingly participated in fraudulent activity by the fiduciary or managers. The MSTP also expressly delegates the duty to apply the plan's standards to the IBM Area Manager or "the highest level headquarters manager and to his or her designee," or the MSTP Project Office. Plaintiffs' argument, if successful, would result in the imposition of ERISA fiduciary liability on a CEO simply because the ERISA plan gives certain managers the sole discretion to make business decisions concerning the continuing need for an employee. I agree with the magistrate judge that the Department of Labor regulations do not go that far. *See* 29 C.F.R. § 2509.75–8 (1997). Since Plaintiffs must submit an amended complaint in accordance with this Order, the Court reserves the question of whether other members of "IBM management" may be exposed to ERISA liability and instead limits its ruling to the determination that Gerstner himself is not subject to ERISA liability.

## II. *Defendants' Objections (Docket 33)*

IBM objects, in turn, to the grant of permission to plaintiffs to file an amended complaint which would seek to comply with Rule 9(b) with respect to ERISA claims on the ground that an amendment would be futile. Since the Court disagrees with the magistrate judge's decision to dismiss the ERISA claims against IBM and Daly, the Court overrules that objection and allows amendment under Rule 15. *See New England Data Serv., Inc. v. Becher,* 829 F.2d 286, 290 (1st Cir.1987).

■ Plaintiffs allege that the defendants breached their fiduciary duties under 29 U.S.C. § 1104(a)(1)(A), (B) and (D) and 1105(a) when they knowingly permitted IBM management to make fraudulent designations of "surplus" and "essential" by fabricating bad performance reviews. They further allege that, but for this "fraudulent scheme" they would have received the benefit of the MSTP plan as surplus employees. (*See* Complaint par. 37 through 41). On these

grounds, plaintiffs have standing to assert an ERISA claim because they are within the zone of interests that ERISA was designed to protect and effectively are "beneficiaries." *See Vartanian v. Monsanto Co.,* 14 F.3d 697, 701–02 (1st Cir.1994) (construing standing under ERISA broadly in order to facilitate enforcement of its remedial provisions) "Beneficiaries may sue a plan for breach of fiduciary duty causing individual harm, but such suits are allowed only for equitable relief and, even then, only where Congress has failed to provide more specific relief." *Turner v. Fallon Community Health Plan, Inc.,* 127 F.3d 196, 200 (1st Cir. 1997) (citing *Varity Corp. v. Howe,* 516 U.S. 489, 514, 116 S.Ct. 1065, 1079, 134 L.Ed.2d 130 (1996)).

■ Generally speaking, an employer's decision in an early retirement plan concerning whether a specific employee's retirement is in the best interests of the company is business in nature and is not reviewable under ERISA. *See, e.g., Berger v. Edgewater Steel Co.,* 911 F.2d 911, 918–19 (3d Cir.1990), *cert. denied,* 499 U.S. 920, 111 S.Ct. 1310, 113 L.Ed.2d 244 (1991). However, even the "almost unbounded discretion" of the employer to determine what is in the parties' mutual interest is subject to the "minimal obligation of good faith." *Id.* at 919.

■ A complaint making sufficiently specific allegations that a plan fiduciary participated in a "fraudulent scheme" involving the bad faith determination by the employer of eligibility for benefits of specific beneficiaries, contrary to the standards in an ERISA plan, will survive a motion to dismiss on these grounds. *Cf. Varity Corp,* 516 U.S. at 504, 116 S.Ct. at 1074 (1996) (holding that a fiduciary who participates knowingly and significantly in deceiving a plan's beneficiaries in order to save the employer money at the beneficiary's expense violates his fiduciary duty); *Vartanian v. Monsanto Co.,* 880 F.Supp. 63, 70 (D.Mass.1995) (suggesting, in dicta, that a company's misstatements explicitly referring to pension plans, if pleaded with the specificity required by Fed.R.Civ.P. 9(b), would survive a motion to dismiss).

■ Because the MSTP delegates discretionary authority to the plan administra-

tor, the named fiduciary, this Court must review the exercise of that discretion under an arbitrary and capricious standard. *See Rodriguez–Abreu,* 986 F.2d at 583 (holding that if a benefits plan clearly grants discretionary authority to the administrator to make coverage decisions, the decisions will be accorded the deferential arbitrary and capricious standard of review). The fact that the plan also vests exclusive discretion in management to apply the essential-surplus standards does not shield a fiduciary from judicial review (albeit under this deferential standard of review) of charges that he violated his duty of prudence by participating actively in fraudulent conduct by management, or by taking a see-no-evil, hear-no-evil approach to a clearcut abrogation of plan requirements. *See id.*

Second, defendants' objection to the failure to address the state law claim for intentional infliction of emotional distress is denied as moot, as Harris' claims have settled.

### ORDER

I order as follows:

(1) I *ALLOW* the motion to dismiss the consolidated complaint with respect to defendant Leo Gerstner, Jr. Otherwise, the motion to dismiss and strike (Docket No. 22) is *ALLOWED* only if plaintiffs fail to amend the consolidated complaint within twenty (20) days of receipt of this opinion pursuant to Fed.R.Civ.P. 9(b) and 15.

(2) I *ALLOW* Plaintiffs' motion to strike the affidavit of Jay E. Gerber (Docket No. 19);

(3) I *DENY* Defendant's motion to dismiss Harris's state claim as moot.

### ATTACHMENT A

*FINDINGS AND RECOMMENDATIONS ON DEFENDANT'S MOTION TO DISMISS AND STRIKE*

May 15, 1997

ALEXANDER, Chief Magistrate Judge.

International Business Machines Corporation (IBM") filed a 12(b)(6) motion to dismiss five virtually identical actions brought by Raina Harris, Albert Torchetti, Ira Kronitz, Gary Dry and Paul Richard ("Plaintiffs")

against IBM, its Chairman, Louis Gerstner, Jr., and Plan Administrator, James Daly ("Defendants"). The action was brought pursuant to the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.* ("ERISA").

The parties appeared before this Court on February 12, 1997, for oral argument on the motion. Defendants were represented by Attorneys Howard Webber, Thomas Shurley, and Stacey Smith. Plaintiffs were represented by Attorneys Eric Cuperstein and Anthony Arena. At the close of arguments, the Court took the matter under advisement and now decides.

The facts of this case, as presented by the plaintiffs, are as follows. In 1992, IBM's margin declined and its cost structure was far too heavy to maintain profitability. In an effort to become more competitive and efficient, on February 12, 1993, IBM announced to its employees its *IBM U.S. Marketing and Services Company Transition Payment Program* ("MSTP"). The purpose of the MSTP was to help IBM reduce its workforce, while retaining essential skills and to assist participating employees make the transition into a new career or retirement. The MSTP is subject to ERISA.

Participation in MSTP was voluntary. Employees were invited to initiate requests for participation. The plan administrator delegated to IBM Management sole discretion to designate which employees are "surplus", and thereby eligible to participate in the benefits of the MSTP; and which are "essential" and thereby ineligible to participate. An "essential" employee, according to the summary, is "an employee who possesses one or more job skills or combination of such skills that are in such a relatively short supply within IBM that, if such employee leaves, either: IBM would need to hire a replacement, or IBM would have to move another employee under the IBM Relocation Plan from another facility, or IBM would incur substantial additional cost by reassigning a local employee into the position, or the employee's departure would otherwise impair a substantial business need or objective."

Plaintiffs' positions fell within an "eligible skill family" designated by IBM to be considered for participation in the MSTP. Plaintiffs applied to obtain benefits under the plan, and were denied. They are now suing IBM for a breach of its fiduciary duty under ERISA. Defendants motion to dismiss said suit is now before this Court.

There are, essentially, five arguments relevant to the defendants, motion to dismiss. First, defendants' argue that the management action is not reviewable under ERISA. Second, the plaintiffs lack standing to bring this action under ERISA because they were not "participants" in the plan. Third, defendant contends that plaintiffs failed to make out a claim for fraud with the specificity required by Fed.R.Civ.P. 9(b). Fourth, plaintiffs' demands for punitive and emotional damages are not cognizable under ERISA. Finally, plaintiffs' have failed to allege sufficient facts against defendant Louis V. Gerstner, Jr. Each of these arguments will be examined seriatim.

## I. Reviewability of management action under ERISA.

Defendants contend that the decision to deny plaintiffs' requests was based solely on IBM management's determination of what was in the best interest of the company. Said decisions, according to defendants, are business decisions not subject to review under ERISA.

There is ample case law to support the contention that an employer's decisions on what is in the best interest of the company are business in nature, and not reviewable under ERISA. *Berger v. Edgewater Steel Co.*, 911 F.2d 911 (3d Cir.1990) (finding that where an employer decides whether an employee's retirement is in the company's best interest, said employer is acting in its capacity as an employer not a fiduciary. Since the company was not acting as a fiduciary, there was not breach under ERISA). See also *Dzinglski v. Weirton Steel Corp.*, 875 F.2d

1075 (4th Cir.1989); *Hlinka v. Bethlehem Steel Corp.*, 863 F.2d 279 (3d Cir.1988).

In *Dzinglski*, for example, the agreement in controversy stipulated that the retirement must be in the best interest of the employee and the employer. Where the employer found that the plaintiff's request was not in the corporation's best interest, said request was denied. The Fourth Circuit found this decision to be a business decision not covered under ERISA. 875 F.2d at 1079. Accordingly, said decision did not amount to a breach in fiduciary duty.

In the case subjudice, plaintiffs contend that the defendants' improper administration of the plan violates ERISA. Further, said improper conduct constitutes an oral modification to the written plan, also in violation of ERISA. Plaintiffs are correct in that ERISA precludes oral or informal written modifications to retirement plans. *Nachwalter v. Christie*, 805 F.2d 956 (11th Cir.1986). However, plaintiffs fail to sufficiently demonstrate to this Court any acts of modification by the defendant. MSTP stipulates that IBM management has the authority to determine if a request is in the best interest of the corporation. Finding that the plaintiffs requests were not, they were appropriately denied. The determination of surplus employees is strictly a business decision. Thus, said acts are not covered by ERISA and thereby not reviewable by this Court.

## II. Plaintiffs' standing to sue under ERISA.

Defendants challenged standing with respect to plaintiffs' claims under ERISA. As defendants actions are not reviewable under ERISA, plaintiffs' standing to sue under ERISA is moot and need not be determined by the Court at this time.

## III. Sufficiency of plaintiffs' claim under rule 9(b).[1]

Rule 9(b) states, in relevant part, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake, shall be stated with particularity. Malice, intent,

---

1. Defendants did not challenge plaintiffs' standing to sue under Fed. R. Civ. Pro. 9(b). Thus,

this matter is not deemed moot and will be considered by the Court.

knowledge, and other conditions or mind of a person may be averred generally." The purpose of the particularity requirement is to apprise the defendant of fraudulent claims and of the acts that form the basis of such a claim. *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir.1985). Thus, in order to satisfy 9(b) the plaintiffs must aver specific facts related to time, place, and content of an alleged false representation. *Id.* at 444. This standard holds true even when fraud relates to matters peculiarly within the knowledge of the opposing party.

Plaintiffs contend that the complaint was particular enough, because the defendants knew the time, managers involved, and the benefactors as the people who received the retirement plan. As stated above, the fact that defendant is familiar with the matters involved does not relieve plaintiffs of its obligation to meet the Rule 9(b) requirements. Thus, as the complaint stands, the allegations are insufficient to satisfy rule 9(b) requirements.

Plaintiffs requested leave to amend. This Court allows plaintiffs' request and hereby gives plaintiff leave, within 20 days of the date of this Order, to file an amended complaint to satisfy the required specificity of 9(b).

## IV. Plaintiffs' claims for emotional and punitive damages.

Plaintiffs argue they have a right to seek emotional injury and punitive damages for their ERISA claim. This argument is based on the Supreme Court's ruling in *Varity v. Howe*, which held that the remedial provision of ERISA § 502(a)(3) authorizes lawsuits for individual relief. *Varity v. Howe*, 516 U.S. 489, 506, 116 S.Ct. 1065, 1075, 134 L.Ed.2d 130 (1996).

Plaintiffs further contend that *Varity* does not limit their possible awards to equitable relief, but rather fails to address the issue of the right to extracontractual damages at all. *Id.* Therefore, because there are no explicit or implicit instructions on how to address the

issue of awarding non-equitable damages, plaintiffs contend that their demands for punitive and emotional injury are correctly before this court.

Whereas defendants concede that *Varity* does grant plaintiffs the right to seek individual damages, defendants contend ERISA does not enable individuals to seek any damages other than those for equitable relief. Punitive and Emotional Injury damages are not equitable relief therefore, plaintiffs are not entitled to such awards. *Drinkwater v. Metropolitan Life Ins.*, 846 F.2d 821, 825 (1st Cir.1988).

The Supreme Court and the First Circuit have clearly held that plaintiffs in ERISA claims are entitled to appropriate equitable relief to redress any act or practice that violates any provision of the act. *Varity Corp. v. Howe*, 516 U.S. at 508, 116 S.Ct. at 1076. Only equitable relief as opposed to damages, is available under ERISA. *Novak v. Andersen Corp.*, 962 F.2d 757 (8th Cir. 1992). Punitive damages under any stretch of the imagination have never constituted equitable relief. *Id.* Nor does ERISA provide for recovery of compensatory or emotional damages, otherwise known as extra-contractual damages. *Santiago Rolon v. Chase Manhattan Bank*, 912 F.Supp. 19, 21 (D.P.R.1996). Therefore, pursuant to Fed. R.Civ.P. 12(f) [2], plaintiffs' claims for emotional injury and punitive damages must be stricken from the pleadings.

## V. Plaintiffs' fiduciary claim against Louis V. Gerstner, Jr.

ERISA provides three ways in which an individual can acquire fiduciary status: (1) by being named as a fiduciary, (2) by being named as a fiduciary pursuant to the procedures specified in a plan, and (3) by performing fiduciary actions.

Plaintiffs do not contend that Mr. Gerstner fits into the first two categories of a fiduciary. Rather, they argue that Mr. Gerstner's' fiduciary status is derived from the Department of Labor's definition of fiduciary actor which states that "members of the board of

---

**2.** Upon motion by a party, the court may order stricken from any pleading any insufficient de-

fense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P 12(f).

directors, in planning for the retention and selection of a plan, exercise discretionary control respecting management of such plan and are therefore fiduciaries." 29 CFR ch. XXV § 2509.75–8. Plaintiffs further contend that Mr. Gerstner as the CEO of IBM and a member of the board of directors, has discretionary control respecting the management of such a plan and is thereby a fiduciary with respect to the Department of Labor's definition.

In order to defeat a motion to dismiss, plaintiffs must set forth factual allegations respecting each material element necessary to sustain recovery under an actionable legal theory. Whereas Mr. Gerstner's status as a director or CEO of IBM does not make him a fiduciary; *Lockheed Corp. v. Spink*, 517 U.S. 882, ——–——, 116 S.Ct. 1783, 1789–90, 135 L.Ed.2d 153 (1996), the Department of Labor has stated that where a CEO or member of the board exercises discretionary control respecting the management of such plan, he/she will be found to be a fiduciary. Therefore, the issue is whether or not plaintiffs have enough evidence to support the contention that Mr. Gerstner had discretionary control over the plan. In support of its assertion, plaintiffs claim that Mr. Gerstner's "open door" policy with employees rose to the level of fiduciary activities. The Court simply finds this argument unpersuasive to meet the fiduciary duty requirements under ERISA.

Plaintiffs also seek to hold Mr. Gerstner liable as a non-fiduciary under § 405(a) of ERISA, for "participating knowingly" or "knowingly undertaking to conceal such acts or omissions", or otherwise failing to make reasonable efforts under the circumstances to remedy such breach." Complaint, Count IV; Harris Complaint, Counts IV, VI. However, non-fiduciaries cannot be held liable for a fiduciary's breach of duty, even if the non-fiduciary knows of and participated in such breach. *Reich v. Rowe*, 20 F.3d 25, 31 (1st Cir.1994). Therefore, plaintiffs' claims that Mr. Gerstner is liable as a non-fiduciary are of no moment.

Lastly, plaintiffs contend that Mr. Gerstner can be held liable because he was a "party in interest". However, a party in interest is relevant only in connection with § 406(a) of ERISA which sets forth various commercial transactions which are prohibited as between a plan and a party in interest. Given the absence of an allegation that a prohibited transaction took place, Mr. Gerstner (even if he was a party in interest) cannot be held liable for an ERISA violation.

In that: (1) plaintiffs failed to present any evidence to establish Mr. Gerstner's status as CEO and board member made him a fiduciary, (2) Mr. Gerstner as a non-fiduciary cannot be held liable for a fiduciary breach; and (3) Mr. Gerstner as a party in interest failed to take part in any prohibited transactions, plaintiffs' fiduciary claim against Mr. Gerstner is appropriate for dismissal.

Having found that the defendants actions constituted business decisions, not reviewable under ERISA, the Court hereby ALLOWS defendants' motion to dismiss the claims under ERISA. Further, the Court ALLOWS defendants' motion to dismiss the claims against Louis V. Gerstner, Jr. Plaintiffs' claims for punitive and emotional damages are not cognizable under ERISA, thus, defendants' motion to dismiss said claims is ALLOWED. Finally, the Court DENIES defendants' motion to dismiss plaintiffs' 9(b) claim, and hereby gives plaintiffs leave to amend its claim for fraud.

SO ORDERED.

The parties are hereby advised under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. *See United States v. Valencia–Copete*, 792 F.2d 4 (1st Cir.1986); *Scott v.*

*Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *see also Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied,* 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986).