In re BOSTON SCIENTIFIC
CORPORATION ERISA
LITIGATION.

Civil Action No. 06–10105–JLT.

United States District Court,
D. Massachusetts.

Aug. 27, 2007.

---

Pavel Bespalko, Law Office of Joel, Eigerman, Laurence B. Cote', Joel Z. Eigerman, Attorney–at–Law, David Pastor, Gilman and Pastor, LLP, Thomas A. Reed, Holtz & Reed, LLP, Bowdoin Square, Eugene J. Sullivan III, Holtz & Reed, LLP, Boston, MA, Katherine B. Bornstein, Edward W. Ciolko, Joseph H. Meltzer, Schiffrin Barroway Topaz & Kessler, LLP, Radnor, PA, Lori G. Feldman, Arvind Khurana, Milberg, Weiss, Bershad & Schulman LLP, Joshua D. Glatter, Jennifer K. Hirsh, Samuel K. Rosen, Wechsler Harwood, LLP, Robert I. Harwood, Harwood Feffer LLP, Judith Scolnick, Scott & Scott, New York, NY, Nancy F. Gans, Moulton & Gans, P.C. Wellesley, MA, Geoffrey M. Johnson, Scott & Scott, LLC, Falls, OH, David Randell Scott, Scott & Scott LLC, Colchester, CT, for Plaintiffs.

Stuart J. Baskin, Shearman & Sterling, LLP, John Gueli, William A. Haddad, Kirsten M. Nelson, Michael T. Rasnick, Shearman & Sterling LLP, New York, NY, Timothy J. Perla, Monika A. Wirtz, WilmerHale LLP, Boston, MA, for Defendants.

## MEMORANDUM

TAURO, District Judge.

Plaintiffs bring this consolidated putative class action against Boston Scientific and alleged fiduciaries of Boston Scientific Corporation's 401(K) Retirement Savings Plan (the "Plan"). Plaintiffs assert that Defendants breached their fiduciary duty to the Plan and to participants of the Plan, in violation of ERISA, by imprudently selecting company stock as an investment, despite knowledge that the stock price was artificially inflated. Presently at issue is Defendants' *Motion to Dismiss.*

### A. *Standing of Former Plan Participants*

■ The first issue before this court is whether Plaintiffs have standing to bring this action, even though all four of the named Plaintiffs have cashed out of Boston Scientific's 401(K) Retirement Savings Plan. This determination hinges on the interpretation of whether a plaintiff who has taken out a final lump-sum distribution

from his 401(K) has a colorable claim for vested benefits and, thus, qualifies as a participant.[1]

This very issue has been the source of recent litigation, and is currently before the First Circuit on Appeal.[2] In *Evans v. Akers*, Judge Young held that cashed out plan participants alleging a breach of fiduciary duty based on imprudent investment choices were seeking damages and, thus, did not have a colorable claim for vested benefits.[3] This court respectfully disagrees with Judge Young's interpretation. More persuasive is the reasoning of the Seventh Circuit, which recently reached an opposite outcome and found that a plan participant did have standing, despite having cashed out of the plan.

> Benefits are benefits; in a defined-contribution plan they are the value of the retirement account when the employee retires, and a breach of fiduciary duty that diminishes that value gives rise to a claim for benefits measured by the difference between what the retirement account was worth when the employee retired and cashed it out and what it would have been worth then had it not been for the breach of fiduciary duty.[4]

The Third and Sixth Circuits have adopted this line of reasoning as well.[5] Also instructive is the analysis by Judge Hall in the District of Connecticut:

> [T]he court is puzzled by the ... assertion that a claim for benefits lost due to imprudent fiduciary investment becomes a claim for damages once the plaintiff accepts a lump sum payment constituting the balance of her account with the relevant plan.... [R]egardless of whether Champagnie accepted or refused the balance of her account, her underlying claim would still be for the money lost by the Plan as a result of the defendants' imprudent investments. The court sees no logical reason why such a claim seeks an ascertainable benefit when the plaintiff refuses a lump sum, but the very same claim seeks an unascertainable damage award once the plaintiff accepts a lump sum.[6]

Accordingly, this court concludes that the Plaintiffs in the present case have standing even though they have cashed out of the Plan. This determination is not inconsistent with First Circuit precedent. In *Crawford v. Lamantia*, the First Circuit upheld a district court's grant of summary judgment due to lack of standing where a

---

1. See *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117–18, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).

2. See *Evans v. Akers*, 466 F.Supp.2d 371 (D.Mass.2006). This appeal is pending under First Circuit docket No. 07–1140. The court notes that a similar issue is also before the Second Circuit. *See Dickerson v. Feldman, et al.*, 06–1616–CV.

3. See 466 F.Supp.2d 371, 376–77 (D.Mass. 2006) ("the defendants cite a number of cases holding that former plan participants who have taken their lump sum distribution lack standing to sue for breaches of fiduciary duty. The Court finds these cases persuasive." (internal citations omitted)). *But see Sotiropoulos v. Travelers Indem. Co. of Rhode Island*, 971 F.Supp. 52 (D.Mass.1997) (Ponsor, J.).

4. *Harzewski v. Guidant Corp.*, 489 F.3d 799, 803–04 (7th Cir.2007).

5. *Graden v. Conexant*, 496 F.3d 291, 303 (3d Cir.2007) ("Graden has standing as a plan participant. As an account-holder in the Conexant plan, he was entitled to the net value of his account as it should have been in the absence of any fiduciary mismanagement."); *Bridges v. Am. Elec. Power Co.*, 498 F.3d 442, 444 (6th Cir.2007) ("Following the Seventh Circuit's lead, we answer this question of first impression, in the affirmative and hold that a former employee like Bridges has 'participant' standing despite having 'cashed out' his defined-contribution plan.").

6. *Champagnie v. Kaufman*, No. 06–1819, 2007 WL 1613491, at *5 (D.Conn. June 1, 2007).

plaintiff had withdrawn from his ERISA plan.[7] But there, the court noted that the plaintiff "failed to show that defendants' alleged breach of fiduciary duty had a direct and inevitable effect on his benefits."[8] Here, in contrast, Plaintiffs allege that the Defendants' breach of fiduciary duty caused the stock price of Boston Scientific to plummet, which shrank Plaintiffs' benefits.

### B. Relief under § 502(a)(2) and § 502(a)(3)

Defendants argue that Plaintiffs lack standing to bring their § 502(a)(2) claims because they seek individualized monetary damages and benefits for only a subsection of the plan. For the reasons laid out by the Third Circuit in *Schering–Plough*, this court disagrees.[9]

■ The court is persuaded, however, by Defendants argument regarding Plaintiffs' claims under ERISA § 502(a)(3). Remedies under § 502(a)(3) are restricted

to equitable relief.[10] This court knows of no equitable relief, including monetary damages, that could possibly apply to the facts as alleged in Plaintiffs' complaint, nor have Plaintiffs suggested any.[11] Accordingly, Defendants' *Motion to Dismiss* is ALLOWED as to Plaintiff's ERISA § 502(a)(3) claims.

### C. Pleading Standard

■ Defendants argue that Plaintiffs' argument "sounds in fraud" and, therefore, must meet the heightened pleading standard imposed by Fed.R.Civ.P. Rule 9(b). This court disagrees. This case involves claims of breach of fiduciary duty under ERISA. "Although this ERISA action and the securities case have commonalities, in that some of the same conduct is alleged in both complaints, the Court has reviewed no compelling authority that convinces it to require Plaintiffs, in this case,

---

7. *Crawford v. Lamantia*, 34 F.3d 28 (1st Cir. 1994).

8. *Id.* at *4. In the *Crawford* case, the court did not premise its decision on a distinction between benefits and damages.

   The Court also notes that the Third Circuit in *Graden* interpreted *Crawford* as being consistent with its own holding. *See Graden,* at 294.

9. *See In re Schering–Plough Corp. ERISA Lit.,* 420 F.3d 231, 236 (3d Cir.2005) ("[L]osses to the Plan may have resulted from decisions by individual participants, but that does not mean that those losses were not losses of the Plan; it simply means that some of the decision making for Plan investments was conducted by the participants who contributed to it." (quoting *In re Honeywell Int'l Erisa Lit.,* Civil No. 03–1214, 2004 WL 3245931 at *30 (D.N.J., Sept. 14, 2004))); *Id.* at 235 ("The fiduciary's liability is not limited to plan 'losses that will ultimately redound to the benefit of all participants.' The Plan held Schering–Plough stock as an asset and that asset was greatly reduced in value allegedly because of breaches of fiduciary duty. This clearly was a

'loss' to the Plan...."). *See also Kling v. Fid. Mgmt. Trust Co.,* 270 F.Supp.2d 121, 126 (D.Mass.2003) (Lasker, J.) ("We conclude that plaintiffs' position that a subclass of plan participants may sue for a breach of fiduciary duty is correct. Defendants' argument that a breach must harm the entire plan to give rise to liability under [§ 409] would insulate fiduciaries who breach their duty so long as the breach does not harm all of a plan's participants. Such a result clearly would contravene ERISA's imposition of a fiduciary duty that has been characterized as 'the highest known to law.' ").

10. *Vartanian v. Monsanto Co.,* 880 F.Supp. 63, 72 (D.Mass.1995) ("section 502(a)(3) of ERISA authorizes only equitable relief.").

11. In *Great–West Life & Annuity Ins. Co. v. Knudson,* the Supreme Court said that monetary relief can qualify as appropriate equitable relief in the form of restitution. 534 U.S. 204, 213–14, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). But here, no restitution claim exists, as Plaintiffs do not allege that Defendants are in possession of particular funds or property acquired from Plaintiffs.

to meet the pleading requirements of Federal Rule of Civil Procedure 9(b)." [12]

The appropriate pleading standard for alleging breaches of fiduciary duty in this ERISA case is the notice pleading requirements of Fed.R.Civ.P. 8(a).[13] Plaintiffs' complaint satisfies this lenient standard, both in terms of notice and with regard to stating a claim.

Defendants' *Motion to Dismiss* is DENIED as to the four counts enumerated in Plaintiffs' Complaint, except for Plaintiffs' claims under ERISA § 502(a)(3), which are DISMISSED.

---

**12.** *In re AEP ERISA Litig.,* 327 F.Supp.2d 812, 822 (S.D.Ohio, 2004) ("[T]his Court can discern no reason why, generally, ERISA plaintiffs should have to meet heightened pleading requirements, as opposed to the 'simplified notice pleading standard [that] relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims.'" (quoting *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002))).

**13.** *See Stein v. Smith,* 270 F.Supp.2d 157, 166 (D.Mass.2003) (Lindsey, J.); *But see Torchetti v. Int'l Bus. Machs.,* 986 F.Supp. 49 (D.Mass. 1997) (Saris, J.).